AUGUSTUS L. WARE *vs.* FIRST CONGREGATIONAL SOCIETY IN GEORGETOWN.

Suffolk. November 12, 1878. COLT, MORTON & SOULE, JJ., absent.

In an action for the conversion of parts of an organ, covered by a mortgage conditioned that the mortgagor should not remove the same from his organ factory without the mortgagee's written consent, it appeared that the mortgagee subsequently found such parts in an organ in a church, and informed a committee of the church that he had a mortgage which "included their organ or parts of it, and demanded the property," exhibiting to them the mortgage. They replied that they "knew nothing about it," and refused to do anything. *Held*, that there was no evidence of a conversion.

TORT for the conversion of parts of an organ.

At the trial in the Superior Court, before *Bacon*, J., it appeared that on July 21, 1874, the plaintiff took a mortgage of Joel Butler, covering property in his manufactory in Boston, describing it as "lumber, tools, benches, hand-screws, clamps, parts of organs finished and unfinished, pipes, wind-chests, bellows, action and voices, and all and everything else contained in my organ manufactory," and conditioned that Butler should not at-

tempt to sell or to remove any of the mortgaged property from his shop without the written consent of the mortgagee.

The plaintiff testified that, at the time the mortgage was made, certain parts of the organ, which he subsequently saw in the defendant's church, were in Butler's shop; that in February, 1875, he went to Georgetown and saw one or more members of a committee of the defendant, admitted to be authorized to represent it, and asked them if Butler had built them an organ, to which they replied in the affirmative; that he then told them that he had a mortgage from Butler which "included their organ, or parts of it, and demanded the property," at the same time exhibiting the mortgage; and they replied that they "knew nothing about it," and refused to do anything.

The judge ruled that there was no sufficient evidence of demand and refusal to authorize the jury to find a conversion, and directed a verdict for the defendant, which the jury accordingly returned; and the plaintiff alleged exceptions.

*D. F. Fitz*, for the plaintiff, cited *Chamberlin* v. *Shaw*, 18 Pick. 278; *Willard* v. *Rice*, 11 Met. 493; *Harding* v. *Coburn*, 12 Met. 333; *Magee* v. *Scott*, 9 Cush. 148; *Riley* v. *Boston Water Power Co.* 11 Cush. 11; *Putnam* v. *Cushing*, 10 Gray, 334; *Simpson* v. *Carleton*, 1 Allen, 109; *Adams* v. *Wildes*, 107 Mass. 123.

*S. B. Ives, Jr. & G. A. Goddard*, for the defendant, were not called upon.

BY THE COURT. There was no evidence of a tortious taking, or of a definite demand or a definite refusal; in short, no evidence whatever of a conversion. *Exceptions overruled.*