MILTON A. JEWELL, and another, vs. NELSON GAGNÉ.

Androscoggin.    Opinion March 3, 1890.

*Bond. Pleadings. Verdict. Instructions. Evidence.*

In an action of debt on a bond the defendant pleaded *non est factum*, but during the trial admitted that he signed the bond declared on, and relied for his defense upon an allegation of fraud. It appearing to the court, that the evidence offered in support of the allegation was insufficient to sustain a verdict for the defendant, *Held*, that the jury were properly instructed to return a verdict for the plaintiff.

The power of the court to give such instructions rests upon the rule, that it is better not to allow a jury to return a verdict, which can not be sustained, than to set it aside after it has been returned.

The admission or exclusion of testimony which can not affect the result, is not subject to exception.

*Heath* v. *Jaquith*, 64 Maine, 433, re-affirmed.

ON MOTION AND EXCEPTIONS.

This was an action upon a joint and several bond in the penal sum of one thousand dollars, given by one Harvey L. Sawyer, as principal, and Joseph Beliveau and Nelson Gagné as sureties, to M. A. Jewell & Co., the plaintiffs.

The defense was the general issue, *non est factum*, and a brief statement that the said sureties were induced to sign said bond by the fraud of the obligees.

The signing of the bond by the defendant was not denied, but he testified that he signed it.

In the course of the trial a certain letter purporting to be signed by Harvey L. Sawyer, the principal in said bond, and sent by him in the ordinary course of mail, to Jewell & Co., was offered by the plaintiffs in rebuttal of the testimony of the defendant, as to the time when said bond was executed. Said Sawyer was not a witness or a party in said action. The defendant objected to the admission of said letter, but it was admitted and read to the jury.

After the evidence was all in, the presiding judge instructed the jury that under the pleadings, the signing of the bond by de-

fendant being admitted, there was not sufficient evidence of fraud in the procurement of said bond to warrant a verdict for defendant, and ordered them to return a verdict for the plaintiffs.

To the admission of the letter, and these instructions of the presiding judge, the defendant excepted. He also moved to set aside the verdict as against evidence, etc.

*Frank L. Noble*, for defendant.

Letter inadmissible in evidence. 1 Greenl. Ev., 11th Ed. p. 150. Counsel also cited: *Franklin Bank* v. *Cooper*, 36 Maine, 179; 2 Chitty Con., 11th Ed. p. 1041 and note; *Otis* v. *Raymond*, 3 Conn. 413; *Matthews* v. *Bliss*, 22 Pick. 48; *Nickley* v. *Thomas*, 22 Barb. 652; 2 Kent Com. 482; *Prentiss* v. *Russ*, 16 Maine, 30; 3 Add. Con. (Morgan's Ed.) pp. 155-156.

*Dana and Estey*, for plaintiffs.

WALTON, J. The old doctrine that where there is any evidence, however slight, tending to support an issue of fact, its sufficiency must in all cases be submitted to a jury, no longer prevails either in this country or in England. The modern and more reasonable doctrine is that there is always a preliminary question for the court, namely, whether a verdict resting upon the evidence can be sustained. If not, then the jury must be instructed not to return such a verdict. The reason on which this rule rests is that it is better to prevent a wrong than to furnish a remedy for it after it has been committed,—that it is better not to allow a jury to return a verdict which can not be sustained than to set it aside after it has been returned. The power to set aside a verdict clearly wrong has always existed. It is a better and a wiser exercise of the power not to allow such a verdict to be returned. The modern practice is not an enlargement of the power of the court, it is only an earlier and a wiser exercise of it. *Heath* v. *Jaquith*, 68 Maine, 433, and authorities there cited.

In this case, the defendant had pleaded *non est factum*, but when the action was being tried, he admitted that he signed the bond declared on, and relied for his defense on an allegation of fraud. Very clearly, the evidence offered in support of this al-

legation was insufficient to sustain a verdict for the defendant. The jury were properly instructed, therefore, to return a verdict for the plaintiffs.

The defendant excepted to the admission in evidence of a letter written by one Sawyer. The turn which the case took rendered the latter of no importance. Neither its admission nor its exclusion could have possibly affected the result. Its admission, if erroneous, was a harmless error.

*Motion and exceptions overruled.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.