WILLIAM S. JONES, and another, *vs.* LEWIS A. COBB.

Androscoggin.    Opinion December 22, 1891.

*Trover.   Title.   Mortgage.   Possession.   Damages.*

Title to personal property is not changed by its conversion and by the bringing of an action of trover therefor by the owner.

In trover by the owner for conversion of personal property only nominal damages are recoverable, if the same property has been attached by a creditor of the owner.

ON MOTION AND EXCEPTIONS.

In this action of trover, the plaintiffs recovered a verdict for the full value of ninety-one cases of wooden toothpicks and the defendant filed a general notion for a new trial, and also excepted to the admission of evidence offered by the plaintiffs on the question of their value.

It appeared at the trial that, after this action had been brought, the same property had been subsequently attached in a suit against the plaintiffs.

The case is stated in the opinion.

*G. C. and C. E. Wing*, for plaintiffs.

*Savage and Oakes*, for defendant.

VIRGIN, J. Trover for the alleged conversion of ninety-one cases of toothpicks. The defendant now seeks to have the verdict against him set aside.

The plaintiffs' title is founded upon a mortgage given to secure a note payable in one year from February 1, 1889, the mortgagors "to continue in possession of the chattels until breach of the condition."

This action was commenced on November 2, 1889, three months before the expiration of the term of credit, during which the mortgagors were to retain possession.

It is elementary that to maintain trover the plaintiff, though the general owner, must have the right of possession at the time of conversion. 2 Greenl. Ev. § 636. And, while a mortgage of chattels vests the title conditionally in the mortgagee, and generally the right of possession follows the title; and in the

absence of any stipulation to the contrary, the right of possession is presumed to be in the mortgagee (*Holmes* v. *Sprowl*, 31 Maine, 73), and he may maintain that right by trover or replevin, even before the expiration of the term of credit given to the mortgagor (*Tibbetts* v. *Towle*, 12 Maine, 341 ; *Pickard* v. *Low*, 15 Maine, 48 ; *Ferguson* v. *Thomas*, 26 Maine, 499 ; *Bunker* v. *McKinney*, 63 Maine, 529) ; still, the mortgagee may by a valid binding agreement, deprive himself of that right and hence the power to bring an action of trover therefor, for a specific time. And that agreement may be contained in the mortgage like the one at bar (*Ingraham* v. *Martin*, 15 Maine, 373), or by parol made at the same time. *Pierce* v. *Stevens*, 30 Maine, 184.

The plaintiffs contend that they had the right of possession on November 2, 1889, when they commenced their action, notwithstanding the time stipulated in the mortgage had not expired, by reason of a formal release from the mortgagors, dated July 17, 1889. But the release was objected to and excluded until its execution was proved and there was no evidence of its execution.

It is also urged that the agent of the plaintiffs (mortgagees), by their direction, took possession of the property in June, prior to the date of the release, by taking the key to the room in which the property was stored. But there is no evidence that the mortgagors gave their consent, the mortgagees alone could not modify the stipulation in the mortgage. We do not mean, however, to decide that the mortgagee would be without remedy.

Again, the jury found as damages the whole value of the toothpicks. We are of opinion that this was contrary to law. For assuming that there was a technical conversion by the defendant (which we do not decide) the mere conversion of the property did not vest the title in the defendant. For when property has been converted and the owner, instead of replevying it, sues in trover for its value, the title does not vest in the converter, until at least judgment is recovered (*Carlisle* v. *Burley*, 3 Maine, 251 ; *White* v. *Philbrick*, 5 Maine, 147), and the over-

whelming weight of authority overrules these early cases and declares that nothing short of a satisfaction of the judgment transfers the title. *Murry* v. *Lovejoy*, 2 Cliff. 191, and numerous cases there cited. 2 Kent's Com. 388—9 and notes, Freem. Judgm. § 237 and notes. And the evidence shows that, before this writ was served on the defendant, the toothpicks were attached on the suit of Wood and others against these plaintiffs, which action is still pending. Hence, as the toothpicks, before the title left the plaintiffs, were taken from the defendant on a writ against the plaintiffs, they will ultimately have the benefit of them ; and as the action is trover and not trespass and no damages can be recovered for injury to the possession, the verdict should have been for nominal damages only. *Pierce* v. *Benjamin*, 14 Pick. 356, 361 and cases.

*Motion sustained. Verdict set aside.*

*New trial granted.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.