DON A. H. POWERS *vs.* LEONARD K. TILLEY.

Aroostook.    Opinion October 8, 1894.

*Trover.    Trespass.    Trees.    Damages.*

In an action of trover against a purchaser of sleepers made from trees cut on plaintiff's land by a trespasser, and by him manufactured into sleepers, the measure of damages is the value of the sleepers at the time of their conversion by the purchaser.

No deduction therefrom is to be made for the increased value put upon the trees by the labor of the trespasser before conversion by the purchaser.

ON EXCEPTIONS.

The case appears in the opinion.

*F. A. Powers, D. H. Powers* and *L. C. Stearns*, for plaintiff.

*C. P. Allen*, for defendant.

Rule of damages is value at time of tortious severance. Suth. Damages, p. 512, 516; *Cushing* v. *Longfellow*, 26 Maine, 306; *Moody* v. *Whitney*, 38 Maine, 174, cited with approval in *Blaen Avon Coal Co.* v. *McCulloh*, 59 Md. 403; *Forsyth* v. *Wells*, 41 Penn. St. 291; *Winchester* v. *Craig*, 33 Mich. 205; *Beede* v. *Lamphrey*, 64 N. H. 510 (10 Am. St. Rep. 426); *Omaha & Grant S. & R. Co.* v. *Tabor*, 16 Am. St. Rep. 185.

Counsel also cited: *Stockbridge Iron Co.* v. *Cone Iron Works*, 102 Mass. 80; *Railroad* v. *Hutchins*, 32 Ohio, 371; *Wetherbee* v. *Green*, 22 Mich. 311; *Robinson* v. *Barrows*, 48 Maine, 186.

Sitting: Peters, C. J., Foster, Whitehouse, Wiswell, Strout, JJ.

Strout, J.  Trover for a quantity of railroad sleepers.  The cedar logs, from which the sleepers were made, had been cut on plaintiff's land by two trespassers, and by them manufactured into sleepers, and then sold to the defendant.  The question is, what is the rule of damages.  The presiding judge instructed the jury, that the plaintiff was entitled "to recover the value of the sleepers at the time of conversion [by defendant], whatever the sleepers were worth in the market to sell;" that, "at the instant Mr. Tilley [defendant] made that conversion, that instant he interfered with Mr. Powers' rights, and Mr. Powers [the plaintiff] is entitled to compensation measured by the value of the sleepers at that time.  If Mr. York [the trespasser] had added to the value of those sleepers by his labor, that does not matter."  To this instruction defendant excepted.  He now claims that plaintiff should recover only the value of the logs before manufacture into sleepers.

The logs being the property of the plaintiff when cut, the trespasser could not acquire any property therein by expending labor upon them.  They still remained his property, and he could take them as such wherever he could find them, and the trespasser could have no claim against him for this increased value by reason of his labor thereon.  When the defendant received the sleepers from the trespassers, and converted them to his own use, he took possession of plaintiff's property wrongfully.  His conversion of the property could not antedate his purchase.  That conversion was of the sleepers as they then were, not of the logs as when cut.

The rule of damages in trover is universal, that it is the value of the property at the time of the conversion.  If the plaintiff had replevied the sleepers, it is difficult to perceive any defense that could have been made.  Could the defendant have said, that he had a special property in the sleepers to the extent of the value added to the logs by the original trespassers, and require plaintiff to pay that value before maintaining his suit?

Clearly not. A rule that would relieve trespassers from all loss, would tend to encourage wrong doing.

It has sometimes been held, that when the trespass was involuntary and not willful, the owner should recover his actual loss, and not the increased value added by the trespasser. *Beede* v. *Lamphrey*, 64 N. H. 510. The supreme court of the United States, however, lays down a different rule in *Wooden Ware Co.* v. *United States*, 106 U. S. 432. But when the trespass is willful, the courts adopting the mitigated rule of damages against involuntary trespassers, allow the full value of the property in the condition in which it was at the time of the conversion. If defendant claimed that the trespass was not willful, it was for him to show it, before he could ask any mitigation of the ordinary rule of damages. We find no such evidence in the case.

In *Moody* v. *Whitney*, 38 Maine, 174, relied on by defendant, the court recognize and approve the rule, that in trover the damages are the value of the property at the time of conversion. But, in that case, the court said, "there is no evidence of a conversion by the defendants after they began to take away the timber from the place where it originally stood." The conversion was at the time of cutting, and the damages were necessarily the value of the timber immediately after it was cut, and had become personal property. This included the cost of cutting, in addition to the stumpage. And in *Cushing* v. *Longfellow*, 26 Maine, 306, which was an action of trespass *de bonis*, the cause of action accrued the moment the trees were severed from the land, and of course the damages were limited to their value at that time. But the court say the owners "might have seized them wherever they could find them ; and might have demanded them, at another place, of one having them there, and in an action of trover have recovered the value of them there."

Upon principle and authority the instruction complained of was correct, and the entry must be,

*Exceptions overruled.*