INHABITANTS OF WOODSTOCK *vs.* INHABITANTS OF CANTON.

Oxford.    Opinion December 11, 1897.

*Verdict.    Practice.    Exceptions.    Pauper.*

Where in the trial of a cause after the plaintiff has introduced his testimony, the defendant does not contradict it in any material point, and the evidence will not authorize a verdict for the defendant, *held;* in such case the presiding justice may order a verdict.

In this case it clearly appears from the testimony introduced by the plaintiff, which was not contradicted in any material point, that the pauper had gained a settlement in the defendant town by five years continuous residence therein. *Held;* that the evidence would not authorize a verdict for the defendant; and exceptions will not lie to the order of the court in directing a verdict to be returned in favor of the plaintiff.

The case appears in the opinion.

*H. C. Davis and J. S. Wright,* for plaintiff.

*J. P. Swasey,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

STROUT, J.    Exceptions to a direction by the presiding judge to the jury, to return a verdict for the plaintiff.

The only question in controversy was whether the pauper,

George W. Howe, had acquired a settlement in Canton, by five years continuous residence therein, without receiving pauper supplies. It was admitted that Howe, prior to March, 1883, had his settlement in plaintiff town. He was married on September 30, 1882, while living at Mechanic Falls, and resided there with his wife for about four months after the marriage. Differences arose between them, and she left him and went to her father's in West Minot, taking with her all her goods. Both Howe and his wife testify that the separation was believed by each to be final. Howe says that within two or three days after his wife left him, he gave up his house, disposed of what little furniture he had, except a chamber set and a few chairs, which he stored in Woodstock, but not in the house he had occupied, gave up his job, and left Mechanic Falls "for good", and went to Canton about March 1, 1883, in response to a request from Mr. Hayford to work upon the railroad as a brakeman, and occasionally as fireman. He immediately obtained employment on the railroad, and retained that employment continuously till the middle of May, 1888, actually living and making his home in Canton. He says, when he went to Canton, he intended to remain if he got work. He had no intention of returning to Woodstock. He intended to remain an indefinite period of time, if he had employment. Obtaining employment in Canton, and in fact remaining there for more than five consecutive years, with no intention of removing therefrom, constituted a residence within the meaning of the statute, and conferred a pauper settlement in that town. *Warren* v. *Thomaston*, 43 Maine, 421.

For nearly two years after George W. Howe went to Canton, his wife was living in another town; then she returned to him in Canton and lived with him there till they removed in May, 1888. While the wife was living apart, her husband contributed nothing to her support, and made no provision for her. She had deserted him, as both believed, permanently. He made his home in Canton. He had the right to determine his place of residence. His wife could not change it, against his will, by living apart from him

in another town. *Bangor* v. *Frankfort*, 85 Maine, 128. *Richmond* v. *Vassalboro*, 5 Maine, 398.

The residence of the wife is evidence of the domicile of the husband, but if she has abandoned him, he may establish his domicile elsewhere. *Burlington* v. *Swanville*, 64 Maine, 86.

Upon the testimony introduced by the plaintiff, which was not contradicted in any material point, it clearly appeared that the pauper had gained a settlement in defendant town, by continuous residence therein from March, 1883, to May, 1888, making that his home. The evidence would not authorize a verdict for defendant. In such case, the presiding judge may order a verdict. This court said in *Heath* v. *Jaquith*, 68 Maine, 438, "It would be but an idle ceremony to submit the case to the jury by instructions authorizing them to find for a party, when he has introduced no evidence which would authorize it, and when, if they find a verdict in his favor, it would be the duty of the court to set it aside because there was no evidence sufficient to support it."

*Exceptions overruled.*