CHARLES I. DEAN *vs.* LINWOOD H. CUSHMAN.

Penobscot. Opinion July 29, 1901.

*Trover. Conversion. Demand. Action. Chattel Mortgage.*

One who purchases in good faith, without actual notice, mortgaged chattels of the mortgagor in possession, if he has merely received the goods into his own possession, and has exercised no other dominion or control over them to the exclusion of the mortgagee or in defiance of his rights, is not liable for a conversion, without demand or refusal.

A mortgagor of chattels, having the right of possession until condition broken, may sell his right to redeem them, and if he sell that, and only that, he may lawfully deliver possession of the property to the purchaser.

But if such mortgagor sell the entire property, the mortgagee's interest as well as his own, the sale is unlawful as against the mortgagee; and when accompanied by the removal and delivery of the property by the mortgagor, it constitutes a conversion on his part.

Such conversion puts an end to the mortgagor's right of possession, and immediately revests that right in the mortgagee.

It does not follow, however, that the purchaser is likewise guilty of conversion.

Agreed statement. Judgment for defendant.

Trover for 3010 lbs. of hay, valued at $12.04; action brought in Bangor Municipal Court and reported to the law court by the presiding justice on an agreed statement of facts.

The material portions of the agreed statement are as follows:

The plaintiff claimed title to the hay in question by virtue of a chattel mortgage given to him by Frank W. Oakes of Brewer, on August 18, 1898, for a valuable consideration, duly executed and properly recorded on that day. The property mortgaged was in the possession of the mortgagor at the time of sale to defendant. The defendant purchased the hay in question of said Frank W. Oakes at Ellsworth, on the 16th day of September, 1898, and the same was then and there placed by said Oakes in the defendant's barn in Ellsworth, and sometime thereafterwards the defendant paid Oakes the sum of ten dollars and twenty-five cents for said hay. It did not appear that, at the time of the purchase of said hay by defendant, he had any actual knowledge of the existence of the plaintiff's mortgage. The hay was actually included in and covered by the chattel mortgage above referred to, said mortgage being unsatisfied and valid at the date of the writ. No demand for the hay was made on the defendant before the commencement of the action. No other evidence of the conversion was offered. Defendant claimed that there being no demand prior to the commencement of the action, and no evidence of the destruction or sale of the property by the defendant, that the court should find that there was no conversion, and that the action could not be maintained, as a matter of law.

The court ruled otherwise and gave judgment for the plaintiff for ten dollars and twenty-five cents, finding the facts above set forth to be true, to which ruling the defendant excepted.

*F. J. Martin and H. M. Cook*, for plaintiff.

*J. A. Peters, Jr.*, for defendant.

SITTING: EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

SAVAGE, J. Trover for the conversion of a small quantity of hay.

The plaintiff is mortgagee, under a mortgage which provided that the mortgagor might continue in possession of the hay until the conditions of payment were broken. The defendant was a purchaser from the mortgagor before condition broken. At the time of the purchase, the defendant had no actual knowledge of the existence of the plaintiff's mortgage. The agreed statement shows that the hay, at the time of the sale, was in the possession of one Oakes, the mortgagor, that upon the sale being made, the hay " was then and there placed by Oakes in the defendant's barn," and was afterwards paid for by the defendant. No demand for the hay was made before the commencement of the action, and no evidence of conversion was offered other than is contained in the foregoing statement of facts. The judge below ruled, as matter of law, that the action was maintainable without proof of demand and refusal, and to this ruling the defendant excepted.

Under the mortgage, the mortgagor had the right of possession. He also had the right to redeem the hay from the mortgage. This right to redeem he could sell; and if he sold that, and only that, he might lawfully deliver possession of the property to the purchaser. *White* v. *Phelps*, 12 N. H. 382. But if he sold the entire property, the mortgagee's interest as well as his own, such a sale would be unlawful as against the mortgagee, and accompanied by the removal and delivery of the hay by the mortgagor it would constitute a conversion on his part. *Millar* v. *Allen*, 10 R. I. 49; *White* v. *Phelps*, 12 N. H. 382; *Ashmead* v. *Kellogg*, 23 Conn. 70. Such a sale and consequent conversion would put an end to his right of possession and immediately revest that right in the mortgagee. *Ripley* v. *Dolbier*, 18 Maine, 382; *Grant* v. *King*, 14 Vt. 367; *Forbes* v. *Parker*, 16 Pick. 462; *Whitney* v. *Lowell*, 33 Maine, 318.

But although the mortgagor was clearly guilty of a conversion by the sale and removal of the hay, it does not necessarily follow that the purchaser would be likewise guilty. Taking all inferences as strongly as possible against the defendant, it appears that, besides the purchase and payment, the only other act for which the purchaser could in any way be responsible was the delivery

of the hay into his barn by the mortgagor. It may be inferrible that this delivery was made in pursuance of the contract of sale, to which the defendant was a party. But the defendant had not sold, used or abused the hay. He had resisted no claim of the plaintiff. He had exercised no actual dominion over the hay as against the plaintiff, or in denial of his right. The plaintiff was not in possession, therefore his possession was not interrupted.

There is a class of cases, like *Hotchkiss* v. *Hunt*, 49 Maine, 213, in which it is held that if a bailee of property for a special purpose sell it without right, the owner may maintain trover against the purchaser without demand. In such case the purchaser has obtained no right whatever. By his purchase he has bought nothing, he has gained no title whatever, and no right of possession. He cannot compel the owner to part with his right to possession. He is a stranger. Under such circumstances the sale itself, in which the purchaser participated, was evidence of a conversion. So in *Freeman* v. *Underwood*, 66 Maine, 229, the vendor was a trespasser. He could convey no interest in the property, and the purchaser received none.

It should be borne in mind, however, that a purchaser from a mortgagor, in a case like the one at bar, really does obtain something. This defendant by his purchase did obtain a right of property in the hay, a right to redeem it, and this notwithstanding the mortgagor exceeded his power in attempting to sell it. The defendant, by the purchase, obtained the right of possession even, against all the world except the mortgagee. Although without the right to retain possession as against the mortgagee, he has the right to pay or tender the mortgage debt, whether the mortgagee wills or not, and thereby divest the mortgagee of any right to possession. He does not stand like a naked stranger.

We hold that one who purchases in good faith, without actual notice, mortgaged chattels of the mortgagor in possession, if he has merely received the goods into his own possession, and has exercised no other dominion or control over them to the exclusion of the mortgagee or in defiance of his rights, is not liable for a conversion, without demand or refusal. 2 Green. Ev. § 642; *Gil-*

*more* v. *Newton,* 9 Allen, 171; *Ware* v. *Congregational Society,* 125 Mass. 584; *Fifield* v. *Maine Central R. R. Co.,* 62 Maine, 77. See also *Parker* v. *Middlebrook,* 24 Conn. 207.

*Exceptions sustained.*