PHILIP M. BURNHAM ET AL. *vs*. AUGUSTUS G. HECKER.

Cumberland.   Opinion, March 2, 1943.

*Bernstein & Bernstein,* for the plaintiffs.

*Carroll B. Skillin,*

*Philip F. Thorne,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

MURCHIE, J. This case comes to the Court on exceptions (1) to an evidence ruling, and (2) to the action of the Justice presiding below in directing a verdict for the plaintiff. The action was on an account annexed, and the plaintiffs made out a prima facie case, under R. S. 1930, Chap. 96, Sec. 129, by offering an affidavit in the usual form, which was admitted without objection.

The defense offered does not challenge any item in the account sued either for work performed or for materials furnished, or the amount of the charge for any individual item, but is rather that the aggregate of the account sued and another previously paid by the defendant in connection with the same job exceeds $1000, which amount he had told one of the plaintiffs when engaging them to do the work was all he wanted to spend, and was answered that it would not cost so much. The account sued amounts to $657.78. It appears in evidence that the defendant had previously paid something in excess of $1,204.00 on account, at a time before the job was completed. The defendant sought to introduce in evidence a receipted bill, which the bill of exceptions discloses read in the amount of $1,024.58. He admitted that the plaintiffs had furnished all the labor and materials itemized in the account sued and that there was no duplication therein of anything paid for in the settled account. The sole basis on which the evidence was offered was to show a cost for all the work amounting to $1,682.36, as against the conversation about a maximum cost not to exceed $1,000.00. This, except for the certainty of the exact amount, was already in evidence.

The defendant does not contend that the plaintiffs contracted to do the work for $1,000.00. He admits that he had not been able to advise the plaintiffs in full detail as to all the work involved in the changes in his store which were under

consideration. The evidence discloses that he originally asked for a cost estimate; that he was advised that the making of one would cost money, and would involve blueprints and "what not"; and that he assented to having the work done on a "day to day" basis. There is no dispute but that the bill rendered and paid and the bill sued itemize the cost of the work done, somewhat, although not much, more than was originally contemplated; and that the charges, in and of themselves, are just and reasonable.

There is no merit in the exception to the evidence ruling. Without reference to the fact that the defendant had already testified he had paid a sum almost exactly equal to that shown in the receipted bill in connection with the work, and that he had recounted the limited cost conversation, it is definitely admitted that nothing in the receipted bill would challenge any item in the account sued.

Nor is there merit in the exception to the directed verdict. The plaintiffs made out a prima facie case by affidavit. The defendant proved neither that the account was in any respect wrong nor that he was entitled by contract to have the work done for any particular sum less than the total of the just and reasonable charges for labor and materials. When the party having "the burden of proof upon an issue necessary to the maintenance of an action, or to the defense of a prima facie case, introduces no evidence which, if true, . . . will authorize the jury to find in his favor," a verdict against him may be directed. *Heath, Ex'r.* v. *Jaquith,* 68 Me., 433; *Moore* v. *McKenney,* 83 Me., 80, 21 A., 749, 23 Am. St. Rep., 753; *Market and Fulton National Bank* v. *Sargent,* 85 Me., 349, 27 A., 192, 35 Am. St. Rep., 376; *Inhabitants of Woodstock* v. *Inhabitants of Canton,* 91 Me., 62, 39 A., 281. Under such circumstances a jury should be so instructed; *Jewell et al.* v. *Gagne,* 82 Me., 430, 19 A., 917; *Inhabitants of Wellington* v. *Inhabitants of Corinna,* 104 Me., 252, 71 A., 889. Exceptions to a refusal of such instruction are maintainable. *Cate* v. *Merrill et al.,* 109 Me., 424, 84 A., 897.

The rulings below excluding the evidence and directing the verdict were correct.

*Exceptions overruled.*