A. J. SANBORN

AND

F. S. SANBORN

*vs.*

WALTER D. MATTHEWS.

Androscoggin.   Opinion, March 27, 1945.

*John G. Marshall,* for the plaintiffs.

*Frank W. Linnell,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MUR-CHIE, CHAPMAN, JJ.

MURCHIE, J. . This case is brought forward on plaintiffs' exceptions to the directing of a verdict for the defendant. It poses the single question whether the holders of a chattel mortgage, after foreclosure, may maintain trover for the conversion of a part of the mortgaged property against one who, having exercised dominion over it at a time when one of them had no interest in the title, had parted with possession prior to the time when the plaintiffs became possessed jointly of that title and right of possession on which they rely. The mortgage, which was properly recorded, ran to the plaintiffs as co-mortgagees and was given to secure notes which they owned severally but the plaintiff Frank S. Sanborn had aliened his interest in it prior to the time when the property in question came into the possession of the defendant and did not reacquire it until after that possession had been terminated.

The mortgage was executed in 1933 and provided that the mortgagor might continue in possession of the mortgaged property until breach of the conditions. The plaintiffs took a second mortgage in 1935, carrying similar recital. The plaintiff Frank S. Sanborn assigned his interest in 1937 and reacquired it in 1943, after which the plaintiffs joined in foreclosure. Between the dates of assignment and reassignment the defendant purchased one of the mortgaged chattels of the mortgagor and resold it to someone who is not identified in the record.

The purchase of mortgaged chattel property from the mortgagor (if all the property covered by a particular mortgage is acquired) does not of itself constitute a conversion on the part of the vendee, *Dean* v. *Cushman*, 95 Me., 454, 50 A., 85, 55 L. R. A., 959, 85 A. S. R., 425, but it is established law that any subsequent action on his part does if it is in denial or exclusion of, or inconsistent with, the rights of the true owner, 26 R. C. L., 1098, Par. 3; 65 C. J., 29, Par. 37; *Fuller* v. *Tabor*, 39 Me., 519; *Moulton* v. *Witherell*, 52 Me., 237;

*McPheters et al.* v. *Page,* 83 Me., 234, 22 A., 101, and the sale itself, if not made subject to the mortgage, is a conversion by the mortgagor. The purchaser becomes a converter if he exercises dominion over the purchased chattel in a manner inimical to the rights of the mortgagee, *Dean* v. *Cushman,* supra; 14 C. J. S., Sec. 264, 11 C. J., 631, Par. (342) 5 a (on which point note 64 cites *Dean* v. *Cushman,* supra). In the instant case the defendant not only purchased a part of the property originally mortgaged to the parties who are now prosecuting this action in trover but he resold it to a person unnamed without reference to the rights of the holders of the mortgage. The defendant must be held to have converted the property at the time he sold it if not at the time he purchased it, a question not requiring decision here, and the only issue presented in the present case is that of his liability for that conversion to these plaintiffs jointly.

The law is clear that the liability of a converter is measured by the value of the property at the time and place of conversion, 26 R. C. L., 1148, Par. 63; 65 C. J., 131, Par. 247; *Moody* v. *Whitney et al.,* 38 Me., 174, 61 Am. Dec., 239; *Wing* v. *Milliken,* 91 Me., 387, 40 A., 138; *Glaspy* v. *Cabot,* 135 Mass., 435; although interest may run from that date, R. C. L., and C. J., both supra; *Hayden* v. *Bartlett,* 35 Me., 203; *Brown* v. *Haynes,* 52 Me., 578; *Wing* v. *Milliken,* supra. This relates to the value at the time when the property came into the possession of the defendant against whom recovery is sought, *Moody* v. *Whitney et al.,* supra; *Powers* v. *Tilley,* 87 Me., 34, 32 A., 714; *Wing* v. *Milliken,* supra.

The issue has not arisen heretofore in this Court for formal adjudication as to whether the time element controls the question of liability as well as its measure. The owner of a chattel having the right to possession may maintain trover against a converter, whether or not such converter still retains the possession of it, or against anyone who has the prop-

erty in possession and refuses to surrender it on demand, *Moody* v. *Whitney et al., Moulton* v. *Witherell,* both supra; or proceed without demand against one having possession where the taking was tortious, *Seaver* v. *Dingley,* 4 Me., 306; *Galvin* v. *Bacon,* 11 Me., 28, 25 Am. Dec., 258; *Whipple* v. *Gilpatrick,* 19 Me., 427, *Robinson et al.* v. *Bird,* 158 Mass., 357, 33 N. E., 391, 35 A. S. R., 495. There can be no doubt that the right to possession at the time of the commencement of an action of trover is requisite to its successful maintenance, *Jones* v. *Cobb,* 84 Me., 153, 24 A., 798; *Gilpatrick* v. *Chamberlain,* 121 Me., 561, 118 A., 481; *Weed* v. *Boston & Maine Railroad,* 124 Me., 336, 128 A., 696, 42 A. L. R., 487.

In each of the last three cited cases this Court has declared that a plaintiff in order to maintain an action in trover must establish that he had the right to possession of the chattel for which he seeks recovery at the time it was converted by the defendant in the process. This is recognized as a principle of general application in 26 R. C. L., 1131-2, Par. 41, and is supported in note 3 thereto by a considerable line of authorities. In Massachusetts the principle was stated and applied in *Bacon* v. *George,* 206 Mass., 566, 92 N. E., 721, in the language following:

"It is elementary that at common law the plaintiff" (in an action of trover) "in order to support this action, must at the time of the conversion have had a complete property either general or special in the chattel and also the actual possession, or the right to the immediate possession of it,"

and later:

"the plaintiff must show that at the date of the writ he had the right to immediate possession."

The plaintiffs in this action can satisfy the latter test but not the former. At the date of the writ the 1933 mortgage had been foreclosed by them but there was no time when the chattel which is the subject matter of the process was in the possession of this defendant that the plaintiff Frank S. Sanborn had either an interest in the title or any right to the possession of it. This fact alone supports the action of the Court below because the plaintiffs, regardless of the interest of Albert S. Sanborn in the title throughout the term of the mortgage, could not recover in a joint action and a misjoinder of plaintiffs is not waived by a defendant's failure to raise the issue. *United Feldspar & Minerals Corp. et al.* v. *Bumpus et al.*, 140 Me., 7, 38 A., (2d), 164.

*Exception overruled.*