THE LEWISTON TRUST COMPANY
*vs.*
THOMAS DEVENO
AND
HARRY PERLSTEIN

Androscoggin.    Opinion, June 21, 1950.

*Brann & Isaacson,* for plaintiff.

*Frank W. Linnell,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MURCHIE, C. J.   On plaintiff's exceptions to the direction of a verdict for the defendant Perlstein in the Trial Court. Therein the plaintiff recovered judgment against the defendant Deveno by default.   The action is trover, alleging the conversion of a motor truck owned by Deveno, which he mortgaged to the plaintiff on November 17, 1947, and sold to Morris Auto Mart on January 27, 1948, the mortgage never having been recorded.   At the time of the sale there was an unpaid balance on the mortgage debt, payable at the rate of $25 per week.   The sale was undoubtedly a conversion of the plaintiff's interest in the truck.   *Dean* v. *Cushman,* 95 Me. 454, 50 A. 85, 55 L. R. A. 959, 85 Am. St. Rep. 425.

In testing the propriety of the directed verdict all the evidence must be viewed in the light most favorable to the plaintiff.   *Heath* v. *Jaquith,* 68 Me. 433; *Burnham et al.* v. *Hecker,* 139 Me. 327, 30 A. (2nd) 801; *Stevens* v. *Frost,* 140 Me. 1, 32 A. (2nd) 164.   Within this principle that given by the defendant Deveno as a witness for the plaintiff must be accepted as true.   He declared that the defendant Perlstein, who was also a creditor of his, knew of the mortgage held by the plaintiff and of the offer made for the truck by

Morris Auto Mart. He says that Perlstein advised him to make the sale and implied that if the approximate $650 due him was paid, he would make Deveno a new loan of $2,500, part of which Deveno says he intended to use to pay the mortgage debt. The sale brought $1,050, all of which he turned over to Perlstein, but the new loan was never made.

On these facts the plaintiff asserts that Perlstein must be held to have participated in the conversion of the truck. The principle is undoubted that one who aids or assists another in the conversion of property is a party to it with the one aided or assisted. *Scott* v. *Perkins,* 28 Me. 22, 48 Am. Dec. 470. The principle under which he is held answerable is stated in broad terms in 65 C. J. 63, Par. 103; 26 R. C. L. 1138, Par. 51; and 53 Am. Jur. 919, Par. 138. In the first of these authorities it is declared that every person is holden for a conversion, who participates:

> "by instigating, aiding or assisting *, or * knowingly benefits by its proceeds in whole or in part."

The other authorities lay special emphasis on aiding and abetting, citing *Scott* v. *Perkins, supra,* but R. C. L. declares that liability may be grounded on advice and assistance, coupled with the acceptance of benefits, and Am. Jur. includes "conniving" with "aiding or abetting." None of the cases cited on the point, however, holds a party on facts comparable with those in the instant case so far as they are applicable to Perlstein. The statement in Am. Jur. is that the rules concerning aiding, abetting or conniving:

> "are particularly applicable where the defendant received benefit from the conversion, and subsequently approved and adopted it."

No case has been cited to us, or come to our attention, where mere advice, even when motivated by the selfish desire to benefit by having the proceeds of a conversion applied to the payment of a debt, has been held to constitute the adviser a converter.

On the facts presented we cannot be unmindful of the definiteness with which it has always been declared in this court that an unrecorded mortgage of personal property gives the mortgagee no rights against one who purchases that mortgaged property after the expiration of the recording period fixed by statute, R. S., 1944, Chap. 164, Sec. 1, even though the purchaser had knowledge of the mortgage, or against such a one who attaches it, or takes a mortgage on it (and records it). *Hayden* v. *Russell et al.*, 119 Me. 38, 109 A. 485, and cases cited therein. When Deveno made the sale the money representing the proceeds was paid to him. He owed both the plaintiff and Perlstein. He might not have applied any of the money to the payment of his debt to either. Had such been the course of events there could be no possible foundation in the authorities for the claim that Perlstein's advice constituted participation in the conversion. Thereafter all that Perlstein did was to accept the proceeds of the sale. From the fact that he accepted approximately $400 more than was due him, it must be assumed that Deveno was induced to pay the debt, and the excess, to him in the expectation of borrowing the larger sum. Whatever the fact, and with full recognition that the conduct of Perlstein does not commend itself to a desirable standard of honesty, we must decide that the plaintiff cannot hold him as a converter, liable jointly with Deveno, without giving an unrecorded mortgage of personal property a force and effect always heretofore denied it. The verdict was directed properly.

*Exceptions overruled.*