BURTON H. KENNEDY
*vs.*
PHILIP E. FLAGG, SR.

Knox.    Opinion, October 14, 1950.

PER CURIAM.

On plaintiff's exceptions to the direction of a verdict for the defendant.  Plaintiff rested his case on his own testimony.  In testing the propriety of directing the verdict, all the evidence must be viewed in the light most favorable to him.  *Lewiston Trust Co.* v. *Deveno et al.*, 145 Me. 224, 74 A. (2nd) 457, and cases cited therein.

Plaintiff testified that he was proceeding at moderate speed along a highway approximately 18 feet wide, on his proper side thereof; that the road "didn't look too good," and he decided to turn back and take another; that he saw a driveway on his left and elected to use it as a place to turn around; that he looked in his rear view mirror and out both sides of his car, saw no vehicle approaching him from the rear and heard no horn; that he swung across the highway, without signal, and started to enter the driveway, being struck by defendant's truck when halfway into it.  The road was straight enough to give a clear view for some distance ahead of him, where there was a slight curve, and to his rear.  Defendant's truck must have been close to him when he started to swing across the road and must have been overtaking him, to pass on his left.  The record contains no evidence about the speed of defendant's truck except that the driver of it told an officer of the State Highway Police after the accident that he was gathering speed for the grade ahead.  There were no skid marks on the road surface.

Viewing the evidence most favorably to the plaintiff, he is not entitled to recover.  He cannot charge the driver of the truck with negligence because of his own failure to give notice of his intention to cross the highway by appropriate

signal. The driver of a motor vehicle intending to cross a highway in the path of another approaching to meet, or overtake, and pass him, has the duty to watch and time the movements of both vehicles to insure his own safe crossing. He owes the driver of the other vehicle the duty of signalling his intention to cross the highway. *Fernald* v. *French*, 121 Me. 4, 115 A. 420; *Esponette* v. *Wiseman*, 130 Me. 297, 155 A. 650; *Verrill* v. *Harrington*, 131 Me. 390, 163 A. 266.

*Exceptions overruled.*

*George W. Wood, Jr.*, for plaintiff.

*Stuart C. Burgess*, for defendant.

SITTING: MURCHIE, C. J., FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ. THAXTER J., did not sit.