**Salvador CHIAPPETTA**

v.

**Joseph LeBLOND et al.**

Supreme Judicial Court of Maine.

Argued Sept. 13, 1985.

Decided Feb. 26, 1986.

---

Eric B. Cote (orally), Saco, for plaintiff.

Monaghan, Leahy, Hochadel & Libby, Kevin G. Libby (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

The Plaintiff, Salvador Chiappetta, appeals from the judgment entered for the Defendants, Joseph and Adrian LeBlond, on a directed verdict in Superior Court (York County). The Plaintiff had sought to recover for breach of contract for the Defendants' alleged failure to repair and their refusal to return his television set.

The Plaintiff testified that he had his television set taken by a friend to the Defendants' repair shop in late May 1981. On June 25 the Plaintiff went to the repair shop to inquire when repairs would be complete. He was told it would take two weeks more to get the part and repair the set. About July 9 the Plaintiff telephoned the Defendants, and he was told to call back in three days because, although the new part had come in, replacing the old part with it had not fixed the set. When the Plaintiff again telephoned four days

later, repairs were still not complete. Apparently an argument ensued and the Plaintiff was told to come get his set.

The Plaintiff went to the repair shop. There the argument resumed and the Plaintiff demanded the return of his television. A policeman was called to the scene and the Plaintiff left the shop shortly thereafter without his television.[1] It was August, 1982, when a friend of the Plaintiff retrieved the television from the Defendants.

The Plaintiff commenced this action on November 21, 1981. At the conclusion of a jury trial the Defendants moved for a directed verdict. Thereupon, the Superior Court found that the Plaintiff's evidence was insufficient to establish his breach of contract claim, and that the charge of refusing to return the television constituted an action in conversion that the Superior Court concluded had never been placed in issue by the pre-trial memorandum.

Because the Superior Court granted the Defendants' motion for a directed verdict, on this appeal we consider the evidence presented in the light most favorably to the Plaintiff's case. At the same time, we seek to determine if there is sufficient evidence from which, while taking account of every justifiable inference, a jury could reasonably find for the Plaintiff in this case. *Packard v. Central Maine Power Co.*, 477 A.2d 264, 267 (Me.1984); *Reed v. A.C. McLoon and Company*, 311 A.2d 548, 550 (Me.1973).

■ Viewing the evidence most favorably to the Plaintiff, it can be inferred that on June 25, 1981, the Defendants agreed to repair the Plaintiff's television within two weeks for approximately $35. When the Plaintiff called back on July 9, he acquiesced to an indefinite extension of time for the Defendants to attempt to repair the television, with an understanding that the

---

[1] At the outset of this litigation the Plaintiff charged the Defendants with assault and battery and the Defendants counterclaimed for assault and battery. This issue went to the jury, which found that neither party had committed an assault or battery upon the other. Neither party appeals from this finding.

original diagnosis was incorrect and that the Defendants did not know what was wrong with the set. Thus, as of July 9, the most that could be said was that there was an agreement that the Defendants would attempt to repair the set. There was no guarantee it would be repaired.

There is no evidence that suggests the Defendants did not attempt to repair the set. The evidence does suggest that by approximately July 14 the Plaintiff and the Defendants became frustrated with each other's handling of the situation and each demanded an end to the transaction. Thus, even assuming the original agreement did constitute a contract, there was no basis for a jury rationally to find a breach of contract by the Defendants for failure to repair, because they did not guarantee they could repair the set and both parties effectively terminated the arrangement by their actions on July 14. Therefore, the directed verdict on the contract issue must be upheld.

The Plaintiff also sought punitive damages under a breach of contract theory for the Defendants' alleged refusal to return the television. In granting the Defendants' motion for a directed verdict the Superior Court observed that the Plaintiff's action seeking punitive damages for refusal to return the television was essentially an action in conversion which that court said had not been placed in issue in the Plaintiff's pretrial memorandum or in his amendment thereto.

■ We disagree because we find that the issue of conversion was indeed placed in issue by the Plaintiff. As the Superior Court observed, the Plaintiff's action seeking punitive damages for the Defendants' failure to return the television was essentially an action for conversion. The gist of conversion is the invasion of a party's possession or right to possession. *General Motors Acceptance Corp. v. Anacone*, 160 Me. 53, 82, 197 A.2d 506, 524 (Me.1964). The Plaintiff alleged in Count II of his complaint that by reason of the Defendants' actions, he had been "deprived of the use of his T.V." for five months. He also referred to the Defendants' continued unauthorized control over the television in his pretrial memorandum.

■ We construe all pleadings in favor of the pleader and in the interests of substantial justice. *See Gagne v. Cianbro Corp.*, 431 A.2d 1313, 1318 (Me.1981); *Dom J. Moreau & Son v. Federal Pac. Elec. Co.*, 378 A.2d 151, 152 (Me.1977); M.R.Civ.P. 8(a); *cf. Rubin v. Josephson*, 478 A.2d 665, 669 n. 4 (Me.1984) (function of complaint is to provide fair notice of claim; generalized statement of facts fulfills this function).

We find that the Plaintiff's complaint and pretrial memorandum gave the Defendants fair notice of the claim that Plaintiff's right to possession of the television had been infringed. The Defendants' discussion of the issues in their pretrial memorandum, referring to the Plaintiff's "claim for loss of use of his television," supports our conclusion that they were on notice of the conversion claim.

■ In addition to establishing invasion of his possession of the television, the Plaintiff must also show (1) a property interest in the goods; (2) the right to their possession at the time of the alleged conversion; and (3) when the holder has acquired possession rightfully, a demand by the person entitled to possession and a refusal by the holder to surrender. *See General Motors Acceptance Corp. v. Anacone*, 160 Me. at 83, 197 A.2d at 624; *Sanborn v. Matthews*, 141 Me. 213, 217, 41 A.2d 704, 706 (1945). Here, it is undisputed that the Plaintiff had a property interest in the television. Since both parties had effectively terminated whatever contractural relationship they might have had on July 14, the Plaintiff also had a right to possession of the television when he made a demand for its return. The record reflects that there was evidence that despite the Plaintiff's demand, and the subsequent demands on his behalf by his friend, the Defendants refused to return the set until August, 1982.

Accordingly, we conclude that, if believed, there is sufficient evidence of conversion from which a jury could reasonably find for the Plaintiff. We therefore vacate the judgment entered on the verdict directed in favor of the Defendants.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.