Peter A. HOWE et al.

v.

Mary L. BANKS, Personal Representative of the Estate of William H. Banks, Sr., et al.

Supreme Judicial Court of Maine.

Argued Nov. 3, 1989.
Decided Nov. 30, 1989.

Peter R. Roy (orally), Roy & Kesaris, Ellsworth, for plaintiffs.

William L. Dawson (orally), Francis C. Marsano, Eaton, Glass, Marsano & Woodsard, Belfast, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

Defendants William H. Banks, Sr., William H. Banks, Jr., and Carrie Banks Anderson [hereinafter "the Bankses"] filed a timely appeal from a judgment in the amount of $28,235 entered against them by the Superior Court (Waldo County, *Chandler, J.*) for their conversion of the personal property of Peter and Judith Howe. During the pendency of the appeal William Sr. died, and Mary L. Banks, personal representative of his estate, was substituted as a party defendant.[1] Contrary to the Bankses' contention, the Superior Court's decision is well supported by the evidence.

The Howes owned a number of antiques and kept many of them in Searsport at the College Inn, real estate that Peter Howe inherited from his mother, who had been given the Inn by Peter's grandmother Leila Banks prior to her death. Peter Howe allowed his grandfather Merton Banks to live in the Inn and to use its furnishings. Animosity developed within the family and when Merton Banks died in 1984, the Bankses stripped the Inn of all furnishings and appliances. The Bankses denied the Howes' ownership of the antiques, claiming that they had belonged to Merton and so should pass to William Banks, Sr., Merton's sole heir. The Bankses later turned over some of the disputed antiques to the Waldo County sheriff's office.

After lengthy and acrimonious proceedings,[2] the Superior Court found that the Bankses had converted the property and owed the Howes $28,235 in damages. The court also found in the Howes' favor on the Bankses' counterclaim and for Peter Howe in the probate action.

On appeal the Bankses argue that the Superior Court erred in its factual finding that Leila Banks had left her property to Howe's mother. This was indeed error, as the record shows that Leila died intestate.

The error is harmless, however; the Howes' title to the antiques does not trace to property passing on the death of Leila, whose entire probate estate because of intervivos transfers was valued at only $1,675.

 The evidence amply supports the Howes' ownership of the contested personal property. Most significantly, Merton Banks had signed an inventory acknowledging Peter Howe's ownership of the antiques left in the College Inn and identifying the source of Howe's title to them. When the Bankses removed the property from the Inn, they exercised control over the antiques that was inconsistent with the Howes' ownership. As a matter of law the Bankses are liable for conversion. *See Chiapetta v. LeBlond*, 505 A.2d 783, 785 (Me.1986). Neither mistake of fact nor return of the property is a defense to conversion. *See Northeast Bank of Lewiston & Auburn v. Murphy*, 512 A.2d 344, 347 (Me. 1986); W. Prosser, *Law of Torts* § 15, at 93 (4th ed. 1971). The amount of damages assessed by the Superior Court is also well supported by the evidence. *See Ocean Nat'l Bank of Kennebunk v. Diment*, 462 A.2d 35, 39 (Me.1983); *General Motors Acceptance Corp. v. Anacone*, 160 Me. 53, 85, 197 A.2d 506, 525 (Me.1964).

The entry is:

Judgment affirmed.

All concurring.

---

1. Plaintiff Peter Howe is a first cousin of the present defendants.

2. In September 1984 William H. Banks, Sr., filed suit against Peter Howe and two non-family members in Waldo County Probate Court pursuant to 18–A M.R.S.A. § 3–709 to determine title to the antiques. In January 1985 Peter and Judith Howe filed suit against William H. Banks, Sr., his son William H. Banks, Jr., and his daughter Carrie Anderson in Superior Court for conversion. The Bankses counterclaimed for title. In March 1985 the probate action, from which the two non-family defendants had been dismissed, was removed to the Superior Court and the two cases consolidated.