STATE OF MAINE                                      SUPERIOR COURT
AROOSTOOK, ss                                       DOCKET NO. CV-14-H018

JAY MCLAUGHLIN               )
                  Plaintiff  )
                             )
                             )
Vs.                          )
                             )
                             )
                             )
BATTLE BROOK FARM CHURCH     )          ORDER ON MOTION
                             )
And                          )
                             )
STEVEN HOVEY                 )
                             )
And                          )
                             )
DARRELL C. MCGUIRE & SONS, INC. )
                             )
                  Defendants  )

Pending before the court is the Defendant Hovey's Motion in Limine seeking an order

from the court declaring the specific measure of legal damages that the court would employ in

the event that the Plaintiff demonstrates at trial that he is entitled to relief upon his complaint.

In the absence of an actual evidentiary context, the court concludes that the motion

presents questions without clear or absolute answers at the present time. For that reason, the

court reserves the right to alter the conclusions set forth herein should the evidence ultimately

produced at trial indicate that it would be appropriate to do so.

The Plaintiff's complaint sets forth two separate causes of action[1]. In Count 1 of the

Plaintiff's Second Amended Complaint, he contends that the Defendant Battle Brook Farm

Church (hereinafter Battle Brook) breached a timber rights contract by permitting another,

---

[1] The court has previously dismissed Count III predicated upon the timber trespass statute found at 14 MRS § 7552.

1

specifically the Defendant Steven Hovey (hereinafter Hovey), to harvest the same timber covered by the original agreement and that the Plaintiff had contracted with Battle Brook to harvest.

The pending motion seeks a determination from the court regarding the measure of damages that the court would employ for this breach of contract. Should the Plaintiff be successful, the damages would be assessed against the Defendant Battle Brook.

The court would direct the parties' attention to the following Law Court statement regarding contract damages:

> The assessment of damages is within the sole province of the [fact finder]. We will not disturb that assessment if any reasonable view of the evidence or any inference justifiably drawn from that evidence supports the [fact finder's] damage award. Reasonableness, not mathematical certainty, is the criteria for determining whether damages were awarded appropriately.

> As a general rule, the purpose of an award of compensatory damages for a breach of contract is to place the plaintiff in the same position that he or she would have enjoyed had there been no breach. An injured party is entitled to recover for all losses actually suffered as a result of the breach. Lee v. Scotia Prince Cruises, Ltd. 2003 ME 78, ¶21-22, 828 A.2d 210, 216 (internal citations and punctuation omitted)

It seems to the court that a prevailing plaintiff in a case such as this would be entitled to present his proof regarding the extent of his damages for breach of contract according to this same standard. The standard is not one of mathematical precision. Accordingly, as against a breaching contractor, a plaintiff would have some considerable, but reasonable, latitude in presenting his claim. As the motion itself acknowledges, the claim may be subject to a number of variables such as the costs associated with the actual harvesting and trucking of the timber or other efficiencies and/or economies that the Plaintiff might be able to demonstrate and that might or might not be unique to him, thereby producing a measure of damage that another, although in a similar circumstance, might not be able to demonstrate.

2

In Count 2, the Plaintiff sets forth claims for conversion and for intentional interference with contractual rights. These claims are made against Defendants Hovey and Darrell C. McQuire & Sons, Inc. (hereinafter McGuire).

The later claim would appear to be a claim for tortious interference with an advantageous relationship. In the event that Plaintiff was able to prevail on such a claim, then the measure of damages would be those damages proximately caused by the interference as in a typical tort claim and Plaintiff would be entitled to offer proof of the nature and extent of any such compensatory damages.

In the event that Plaintiff were to prevail on his claim for conversion against either or both Hovey and McGuire, then the court would direct the parties' attention to the case of Moody v. Whitney, 38 Me 174 (1854). Although the case has some age to it, the Law Court stated the issue as follows:

> [t]he question presented in this case, whether the plaintiff, if entitled to recover in the action, can have in damages the value of the timber at the place where it was deposited, which was two or three miles nearer the destined market, than the spot where the trees were cut; or , is he limited in damages to their value, where they were first severed from the freehold? *Moody* at 176.

In upholding the jury's verdict, the Court essentially determined that the measure of damages for conversion of timber was the value at the time of conversion with interest. In a later case, the Law Court relied upon *Moody* and held that,

> [t]he conversion [in Moody] was at the time of cutting, and the damages were necessarily the value of the timber immediately after it was cut, and had become personal property. *This included the cost of cutting, in addition to the stumpage.* (emphasis added) Powers v Tilley, 87 Me. 34, 36, 32 A. 714, 715 (1894)

In a case of more recent note, the Law Court appears not to have departed from this principle. In Bradford v Dumond, 675 A.2d 957, 962 (Me. 1996), the Court observed that "the

measure of damages for claims of conversion is the value of the property at the time of the unlawful conversion.

Thus, it appears to this court that with regard to the claims for conversion brought against Hovey and McGuire that should the Plaintiff prevail on his theory of liability, his measure of damages would be the value of the property at the time of conversion, i.e. at the time that the defendant wrongfully took possession of the timber. This would necessarily be the value of the timber immediately after it was severed and as it lay upon the forest floor, plus the cost of cutting.

As indicated above, the court's conclusions expressed herein are only tentative and therefore are subject to change and/or amendment pending the presentation of evidence at trial and subject to counsel's alternative legal arguments in support of their respective positions.

March 16, 2018

E. Allen Hunter
Justice of the Superior Court, Active Retired

4