ENOCH MERRILL AND OTHERS, IN EQUITY,

*vs.*

SAMUEL L. WASHBURN.

Androscoggin.    Opinion February 25, 1891.

*Equity. Practice. Pleadings.    Defective Bill.    Chancery Rule 27, (1881). R. S., c. 77, § 23.*

Equity causes should not be reported to the law court until the pleadings are sufficiently perfected to enable the law court to make a final decision upon the merits.

In equity causes thus reported, if the bill does not contain sufficient allegations, it must be dismissed without any consideration of the evidence.

When the plaintiff in equity seeks relief from the effects or results of some

fraud, accident or mistake, he should in his bill fully and explicitly state the circumstances, so as to present a clear picture of the particulars,— of how the fraud was committed and how the plaintiff was misled,—of the character and causes of the accident or mistake, and how it occurred.

ON REPORT.

Bill in equity, heard on bill, answer and proofs.

The court having sustained the defendant's demurrer, inserted in the answer, renders a report of the facts unnecessary. The case is otherwise sufficiently stated in the opinion.

· Argument for the plaintiffs is omitted, no brief being furnished.

*Tuscus Atwood*, for defendant.

Counsel cited : R. S., 104, § 47 ; *Wright* v. *Dame*, 22 Pick. 55 ; *Boynton* v. *Brastow*, 38 Maine, 577 ; *Stover* v. *Poole*, 62 Maine, 217 ; Pom. Eq. § § 850, 859 ; *Bryant* v. *Mansfield*, 22 Maine, 362 ; *Norris* v. *Laberee*, 58 *Id*. p. 266 ; *Young* v. *McGown*, 62 *Id*. 56.

EMERY, J. This is an equity cause reported direct to the Law Court, under the statute, ( R. S., ch. 77, § 23,) without any hearing before a single justice.

The case stated in the bill is substantially this : Moses C. Merrill died intestate, without issue, leaving certain real estate in Portland, and a widow. These plaintiffs, in default of issue of Merrill, were his legal heirs. They executed and delivered to the widow, for a nominal consideration, a quit-claim deed of the said real estate thus inherited by them from Merrill. This deed was in the usual form of a quit-claim deed of a fee,— a conveyance to her and her heirs and assigns forever. There was inserted in the deed, however, next after the description of the land, the following clause : "To the foregoing conveyance, we hereby attach the following conditions : First, the said Elizabeth A. Merrill, ( the widow,) shall have the entire management and control, and receive the entire rents and profits of said real estate, during her life-time, she paying the taxes and necessary repairs on said property and estate. Second, if the said Elizabeth A. Merrill shall during her life-time sell and convey her interest in said property, then she may use, expend and appropriate whatever portion of the amount she may receive

for her said interest, for her personal benefit and comfort and living, she being the sole judge of the amount to be so expended, and at her decease, whatever amount remains (if any) from the proceeds of said sale, shall revert to us and our legal representatives in equal shares, and be paid to us by her executors or administrators."

The widow went into occupation of the premises and had the use of them until her death, "but never claimed to own the same, but that her right was to the use thereof during her life, and such was the intention," of the widow and the plaintiffs. The widow died without having conveyed any of the land. Her heirs, except this defendant, quit-claimed the land back to the plaintiffs, but this defendant, one of the heirs, refuses to quit-claim, and hence this bill in equity. The prayer in the bill is for a decree, "in accordance with the intentions of the parties to said deed, when the same was executed, namely : That at the death of said Elizabeth A. Merrill, whatever remained of said property, mentioned in said deed, should revert to said plaintiffs,"— and for general relief.

The defendant inserted in his answer a general demurrer, to the bill on the ground that it does not state a case entitling the plaintiffs to the relief prayed for. This the defendant could do under Chancery Rule, No. 27 (1881).

Good pleading is as essential upon the equity side, as upon the law side, of the court. Full, clear, direct and orderly statements are required by the chancery rules, and by the very nature of equity procedure. Equity decrees must be based upon the allegations in the bill. Prayers for relief must be unavailing, unless preceded by allegations showing a complete case, authorizing the exercise of equity jurisdiction. The most ample evidence is useless without sufficient statements in the pleadings. Evidence without allegation is as futile as allegation without evidence. *Grosholz* v. *Newman*, 21 Wall. 481.

The plaintiffs, in this case state in their bill that they gave to Mrs. Merrill, the widow, a deed in fee of certain real estate inherited by them from her husband, and now after her death, they ask, in effect, to be relieved from the operation of their

deed, and have the property back,— on the ground that it was the intention of all parties to the deed for her to have only a life estate.  If the deed operates to convey the fee as they seem to concede, it is evident they can obtain relief from their deed only on the ground of some fraud, accident or mistake in the transaction.

They, however, do not allege either or any of such grounds of relief.  They do not state how they came to give a deed of the fee.  There is no reason or excuse given in the bill for executing such a deed.  For all that appears in the bill, the form of conveyance actually used may have been the precise form the parties desired to use and intended to use.  They may have preferred it to any other instrument, for some reasons satisfactory to them, if unknown to us,—as in *Hunt* v. *Rousmanier*, 1 Peters, 1.

Bills in equity seeking relief on the ground of fraud, accident or mistake, must directly charge the grounds relied upon.  The statement should be so full and explicit as to show the court a clear picture of the particulars of the fraud,— the manner in which the party was misled, or imposed upon,— the character and causes of the accident, or mistake, and how it occurred. Without such a statement in the bill, the court can not grant relief, or even hear evidence in the matter.  *United States* v. *Atherton*, 102 U. S., 372; *Scudder* v. *Young*, 25 Maine, 153; *Stover* v. *Poole*, 67 Maine, 217; *Stevens* v. *Moore*, 73 Maine, 559.

We take this occasion to repeat, what we have said in former opinions, that, under our present system of equity procedure, the law court is an appellate court, a court of last resort.  Parties desiring a speedy adjudication of a cause in equity should not present it to the law court, until it is in such shape, that the opinion of the law court will be a final decision.  The court held by a single justice is now the equity court of original jurisdiction, where the sufficiency of the pleadings can be promptly considered, amendments readily made, and the cause then speedily heard on its merits.  In this case the plaintiffs were advised by the answer, that their bill would be assailed as

defective in statement. Instead of making proper amendments, they have submitted their cause to this court of last resort, upon their original allegations. These allegations, for the reasons before given, are clearly insufficient to justify the exercise of the court's equity powers.

> *Bill dismissed with costs but without prejudice.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.