Otis Z. BACON et al.

v.

Roger PENNEY et al.

Supreme Judicial Court of Maine.

Argued April 28, 1980.
Decided Sept. 3, 1980.

Nancy D. Metz (orally), Fairfield, for plaintiffs.

Gordon H. Smith (orally), Augusta, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

NICHOLS, Justice.

This appeal presents a novel issue as to the appealability of that which the trial court denominated a "partial summary judgment."

In an action commenced in May, 1978, in Superior Court (Kennebec County) the Plaintiffs, Otis Z. Bacon and Catherine G. Bacon, sought damages from the alleged converter of certain timber of theirs in the Town of Sidney and from several alleged purchasers of that timber.

On this appeal the Plaintiffs challenge an order granting a "partial summary judgment" in favor of one Defendant–purchaser, Hammond Lumber Company.

We dismiss the appeal for lack of an appealable judgment on the grounds that the Superior Court's judgment was not final, and certification of that judgment as final, pursuant to M.R.Civ.P. 54(b), was inappropriate.

The complaint asserted that in 1976, while Roger Penney, an employee of Earle D. Bessey or E. D. Bessey & Son, was felling trees on the land of Clinton Davis, Penney, without license, crossed the boundary line between the Plaintiffs' land and Davis' land, cut a large quantity of timber from the Plaintiffs' land, and sold the timber to a number of different purchasers, including the Defendant, Hammond Lumber Company. Named as Defendants, in separate counts, were Roger Penney, Earle D. Bessey, E. D. Bessey & Son, Clinton Davis and the alleged purchasers, Scott Paper Company, Diamond International Corporation, Solon Manufacturing Company and Hammond Lumber Company.

On May 9, 1979, Hammond Lumber Company filed a motion for summary judgment, pursuant to M.R.Civ.P. 56. On June 21, 1979, a hearing was held in the Superior Court on that motion. The facts relevant to Hammond's motion may be gleaned from the extensive pre–trial discovery in this case. Penney had no authority to enter or cut timber on the Plaintiffs' land. In September, 1976, Otis Z. Bacon discovered Roger Penney with two truckloads of timber which Bacon claimed had been cut on the Plaintiffs' land. At that time Penney told Bacon that the timber was to be delivered to Hammond Lumber Company. On September 9, 1976, Bacon called Hammond Lumber Company and told an employee there that the timber being delivered to them that day had been stolen from his property. It is not clear from the record whether Hammond took delivery of any of the Plaintiffs' timber before September 9, 1976, or whether the September 9, 1976, delivery was in fact made to Hammond Lumber Company.

On May 18, 1979, Defendants E. D. Bessey & Son and Earle D. Bessey filed a

pleading which they labeled a "Third–Party Complaint," but which was actually a cross-claim, against Defendant Clinton Davis, alleging that Davis was negligent in failing to point out to Roger Penney the proper boundary line between the wood lots owned by Davis and the Plaintiffs, and demanding contribution or indemnification from Davis for any judgment that might be recovered against them.

No evidence was presented at the June 21, 1979, hearing on Hammond's motion for summary judgment. After hearing counsel's arguments, the presiding justice specifically found that on September 9, 1976, Hammond Lumber Company received notice that the timber may have been unlawfully cut. He ruled that Hammond Lumber Company was not responsible to the Plaintiffs for any timber delivered before notice on September 9, 1976, regardless of whether or not the timber had been unlawfully cut. His order, docketed June 21, 1979, stated:

Partial summary judgment re: Hammond Lumber is granted except that all timber sold to Hammond Lumber after September 9, 1976, belonging to the Plaintiff is subject to proof and made an issue of fact.

Also on June 21, 1979, the Superior Court heard and granted the motion to dismiss served and filed by Defendant Solon Manufacturing Company. The Plaintiffs did not appeal from that order of dismissal.

The Plaintiffs did, however, seasonably appeal to this Court from the Superior Court's order of "partial summary judgment." Thereafter, on September 6, 1979, the Chief Justice, acting for this Court, entered an order of remand for such proceedings in Superior Court as might be necessary to dispose of the claims against any defendants other than Solon Manufacturing Company and Hammond Lumber Company on the issue of timber sold Hammond after September 9, 1976, or on the "third–party complaint," or, in the alternative, for the entry of an order pursuant to M.R.Civ.P. 54(b).

Responding to the Order of Remand, the Superior Court on October 15, 1979, entered this order pursuant to M.R.Civ.P. 54(b):[1]

This Court directs final judgment upon the express determination that there is no reason for delay for defendant Solon Manufacturing Co. on its motion to dismiss and partial summary judgment to defendant Hammond Lumber Co. on its motion for Summary Judgment.

The Plaintiffs seasonably filed a notice of appeal from that "Final Judgment for Partial Summary Judgment granted to Hammond Lumber Company . . . ."

■ Neither party has questioned the jurisdiction of this Court to entertain the appeal, yet we are obliged to consider it on our own motion if a question as to jurisdiction exists. The policy of this Court, subject to very few exceptions, is to accept jurisdiction of an appeal only when the appeal is from a "final" judgment. M.R. Civ.P. 54(b) does not change the requirement of finality for appealable orders. It does grant the trial court discretion to certify as "final" for appeal decisions upon one or more, but less than all, claims in multiple claim actions. R. Field, V. McKusick and L. Wroth, *Maine Civil Practice* § 54.3 (2nd ed. 1970).

In pertinent part, M.R.Civ.P. 54(b) reads:
[T]he court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties

---

1. M.R.Civ.P. 54(b) reads:

(b) Judgment upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third–party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

■ To be certifiable as a final judgment under the terms of Rule 54(b), the order must dispose of at least a single substantive claim. Thus, a partial or interlocutory adjudication of a claim cannot properly be certified, even if this is attempted by means of a "partial summary judgment"[2] and even if the requisite "express determination" has been made. *Acha v. Beame,* 570 F.2d 57, 62 (2nd Cir. 1978). "[T]he partial adjudication of a single claim is not appealable, regardless of whether there is a Rule 54(b) certificate." *Aetna Casualty & Surety Co. v. Giesow,* 412 F.2d 468, 470 (2nd Cir. 1969). *See generally* 6 *Moore's Federal Practice* ¶¶ 54.24, 54.33 (2d ed. 1976); 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2657 (1973).

Our Court has not addressed the meaning of what constitutes a "claim" in this context. Since our own Rule 54(b) is identical to its federal counterpart, it is appropriate in construing the rule to look to the federal decisions construing Fed.R.Civ.P. 54(b). The United States Supreme Court, without attempting a definitive statement of what constitutes a "claim," has held that a complaint advancing a "single legal theory" applicable to only one set of facts states a single claim:

> . . . It is sufficient to recognize that a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.

*Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 743 n. 4, 96 S.Ct. 1202, 1206 n. 4, 47 L.Ed.2d 435 (1976). Earlier that Court stated that separate claims arise "out of wholly separate and distinct transactions or engagements." *Reeves v. Beardall,* 316 U.S. 283, 286, 62 S.Ct. 1085, 1088, 86 L.Ed. 1478 (1942). Following this principle, the United States Court of Appeals for the Second Circuit observed:

> [I]t is now generally accepted that a claim asserting only one legal right growing out of a single transaction or series of related transactions states a single claim for relief.

*Acha v. Beame, supra,* 570 F.2d at 62. That court has also said "that the test of multiple claims was 'whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced.'" *Aetna Casualty & Surety Co. v. Giesow, supra,* 412 F.2d at 470, *quoting Rieser v. Baltimore & Ohio Railroad Co.,* 224 F.2d 198, 199 (2nd Cir. 1955), *cert. denied* 350 U.S. 1006, 76 S.Ct. 651, 100 L.Ed. 868 (1956). *See generally* 6 *Moore's Federal Practice* ¶¶ 54.24, 54.33 (2d ed. 1976); 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2657 (1973); *Restatement (Second) of Judgments* § 61 (Tent.Draft No. 1, 1973).

■ In the instant case, the Plaintiffs set forth their claim against the Defendant, Hammond Lumber Company, in a single count, asserting that "[D]uring the summer of 1976 and September, 1976, Defendant Hammond Lumber Company converted to its own use cut timber of the value of twelve thousand five hundred and no/100 dollars, the property of Plaintiffs, and still unlawfully detains the same from Plaintiffs." On its face, that count states a single claim; it advances a "single legal theory," alleges a "single transaction or series of related transactions" and seeks a single remedy. By certifying an order for "partial summary judgment," the trial court attempted to split the Plaintiffs' claim into two claims, one for conversion of timber before notice and demand on September 9, and another for conversion of timber after September 9. In doing so, the trial court misconstrued the nature of the Plaintiffs' claim. The Plaintiffs asserted a single claim for conversion against Hammond Lumber Company, alleging that as a purchaser of property from one who had

---

**2.** The term "partial summary judgment" is misleading in the context of Rule 54(b). That term generally refers to an order that decides some of the issues pertinent to a single claim. Such an order is interlocutory and non–appealable, and, not within the scope of Rule 54(b). *See* R. Field, V. McKusick and L. Wroth, *Maine Civil Practice,* § 56.8 (2nd ed. 1970).

acquired the property tortiously, Hammond Lumber Company acquired no rights in the property against the Plaintiffs (the true owners), and was liable in conversion to the Plaintiffs for the value of the property actually purchased. The question of notice or demand is irrelevant to that claim.[3]

The trial court's order of partial summary judgment denied the Plaintiffs relief with respect to only part of their claim, and expressly reserved consideration of relief with respect to the remainder of the claim. This adjudication as to part only of a single claim was interlocutory. It was not appealable.

■ Moreover, since the adjudication was not on an entire "claim," it was not certifiable as "final" under the provisions of M.R. Civ.P. 54(b). We dismiss the appeal for lack of an appealable judgment.[4]

The entry is:

Appeal dismissed.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

3. The law in Maine is settled that a bona fide purchaser of personal property from one who has acquired the property tortiously, acquires no rights against the true owner, and is liable in conversion to the true owner without notice or demand. *See, e. g., Sanborn v. Matthews*, 141 Me. 213, 216–17, 41 A.2d 704, 706 (1945) ("The owner of a chattel having the right to possession may maintain trover against a converter, . . . , or against anyone who has the property in possession and refuses to surrender it on demand, . . . ; *or proceed without demand against one having possession where the taking was tortious* . . .") (emphasis added); *Amey v. Augusta Lumber Co.*, 128 Me. 472, 479, 148 A. 687, 690 (1930) ("A person who purchases, takes delivery of and holds chattels from one who has no legal right to sell them, is guilty of conversion."); *Dean v. Cushman*, 95 Me. 454, 456, 50 A. 85, 85 (1901) (good faith purchaser from vendor/trespasser acquires no interest in the property); *Freeman v. Underwood*, 66 Me. (Pulsifer) 229, 233 (1877) ("[D]efendants, by their purchase and possession of the [property], although acting in good faith and in ignorance of the want of title in their vendors, assumed thereby an ownership and exercised a dominion over the property, which rendered them liable in trover to the true owner without any demand therefor."); *Galvin v. Bacon*, 11 Me. (Fairfield) 28, 30–31 (1833);

*Emerson v. Fisk*, 6 Me. (Greenleaf) 200, 205 (1829) (A bona fide purchaser of timber cut by trespasser does not acquire title against true owner). The bona fide purchaser is responsible, however, only for the value of the property actually purchased. *Moody v. Whitney*, 34 Me. (Redington) 563, 565 (1852).

4. Where a judgment is not "final," it has no *res judicata* effect. *Restatement (Second) of Judgments* § 41, comment b (Tent.Draft No. 1, 1973). Under the express terms of M.R.Civ.P. 54(b), an interlocutory order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The possibility of revision is only open with respect to the order granting partial summary judgment in favor of Hammond Lumber Company. The trial court's dismissal of the Plaintiffs' claim against Solon Manufacturing Company was in effect a summary judgment in favor of that Company. The adjudication was with respect to the entire claim against Solon Manufacturing Company. Certification of that judgment pursuant to M.R.Civ.P. 54(b) was proper. The Plaintiffs chose not to appeal therefrom.