**Hugh S. DURGIN and Marion Durgin**

v.

**Freda ROBERTSON and Philip Kohonen.**

Supreme Judicial Court of Maine.

Argued March 17, 1981.
Decided April 7, 1981.

Hanscom & Carey, P.A., Thomas S. Carey, Rumford (orally), for plaintiff.

Michael J. Gentile, Rumford, Preti, Flaherty & Beliveau, Jonathan S. Piper, Portland (orally), for defendant.

Before McKUSICK, C. J., GODFREY, GLASSMAN and CARTER, JJ., and DUFRESNE, A. R. J.

CARTER, Justice.

The plaintiffs, Hugh S. Durgin and Marion Durgin, appeal from a Superior Court judgment adopting a Referee's report and denying their claim to a certain right of way over land of the defendant, Freda Robertson. Since we find that no final judgment has yet been entered in this case, we must dismiss the appeal.

The plaintiffs commenced this action by filing a complaint in two counts. The defendants counterclaimed. By agreement, evidence was heard by a Referee concerning the plaintiffs' first count only. The Referee concluded that the plaintiffs had failed

to establish their claim to a right of way over defendant Robertson's property. A motion to adopt the Referee's report was heard by a then Superior Court Justice, who adopting the Referee's report entered judgment on the claim decided by the Referee. The plaintiffs filed a notice of appeal to the Law Court, but the Law Court remanded the case to Superior Court because of the lack of a final judgment—both the plaintiffs' second count and the defendant's counterclaim being then still pending, the provisions of M.R.Civ.P. 54(b)[1] for obtaining a final judgment as to fewer than all of the pending claims had not been complied with.

A motion was made in June of 1978 for a final judgment pursuant to M.R.Civ.P. 54(b). At that time, the Superior Court Justice who entered the judgment on the Referee's report was no longer serving as a Superior Court Justice having become an Associate Justice of the Supreme Judicial Court. "Final judgment" pursuant to Rule 54(b) was entered by another Superior Court Justice in 1980, from which the plaintiffs bring this appeal.

■ We have held that lack of a final judgment, subject to very few exceptions, deprives this Court of jurisdiction to hear an appeal therefrom. *See Bacon v. Penney*, Me., 418 A.2d 1136, 1138 (1980). Even though neither party questions this Court's jurisdiction, we are obliged to raise the issue on our own motion. *Id.*

■ This action was tried in Superior Court before one Justice who filed an Opinion and Order setting forth findings of fact and Conclusions of Law. The parties then presented a motion for a "final judgment" determination under Rule 54(b) to a differ-

ent judge who granted it. M.R.Civ.P. 63 sets forth the conditions under which a Justice other than the one before whom the case is tried can act:

> If by reason of death, resignation, removal, sickness, or other disability, a justice before whom an action has been tried is *unable* to perform his duties under these rules *after* a verdict is returned or *findings of fact and conclusions of law are filed*, then any other justice may perform those duties; . . . .

(emphasis added). While it is true that by June, 1978, the original Justice's term as a Superior Court Justice had terminated, he did not thereby become *unable* to perform his duties under the rules. A single Justice of the Supreme Judicial Court has jurisdiction to hear and determine, "with his consent, any issue in a civil action in the Superior Court as to which the parties have no right to trial by jury or in which the right to trial by jury has been waived, except actions for divorce, annulment or separation." 4 M.R.S.A. § 105 (Supp.1980); *Sowles v. Beaumier*, Me., 227 A.2d 473, 475 (1967). Therefore, it was improper for the parties to bring the Rule 54(b) motion before another Superior Court Justice; they were required to first present the motion to the original Justice and ask for his consent to consider it.

It might be argued that the second Superior Court Justice acted with the parties' consent. In *Boulay v. Boulay*, Me., 393 A.2d 1339 (1978), the justice who presided over the parties' divorce hearing died before rendering a decision. The parties consented to a second justice deciding the case based upon the transcript; we held that with the parties' consent the second justice could act in all respects as if he had heard the case.

---

1. M.R.Civ.P. 54(b) states the following:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Id.* at 1340. Only the parties themselves would likely be prejudiced by a second judge deciding the case without having been present at the hearing; while the State clearly has an interest in the matrimonial relation, that interest is not obviously jeopardized by the procedure in question. *See Id.* at 1340, n.2.

■ In contrast, the State has a direct interest which might well be jeopardized if a justice not intimately familiar with the case were to rule on a motion for final judgment under Rule 54(b). That Rule is not intended to dilute the force of the fundamental rule against splitting a cause of action and the piecemeal performance of the appellate function. *Page v. Preisser,* 585 F.2d 336, 339 (8th Cir. 1978).[2] In deciding whether there is no just reason to delay the appeal of fewer than all the pending claims in a suit, the trial court "must take into account judicial administrative interests" in order to "assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'"[3] *Curtiss Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1, 11 (1980) *quoting Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956) (discussing F.R.Civ.P. 54(b)). Against the inconvenience and costs of piecemeal review is weighed the potential danger of denying justice by delay. *Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950). Among the many factors to be considered are the relationship of the adjudicated and unadjudicated claims, the possibility that the need for review may be mooted by future developments in the trial court, the chance that the same issues will be presented more than once to the appellate court, the possibility that an immediate appeal might expedite the trial court's work, and miscellaneous factors such as likely delay, economic and solvency considerations, the res judicata effect of a final judgment, and the like. *See Bank of Lincolnwood v. Federal Leasing, Inc.,* 622 F.2d 944, 949 n.7, 951 (7th Cir. 1980); *Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 364 (3d Cir. 1975); *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939, 942 (2d Cir. 1968). The Supreme Court has said that "because the number of possible situations [in which Rule 54(b) requests are made] is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow." *Curtiss-Wright Corp.,* 446 U.S. at 10, 100 S.Ct. at 1466, 64 L.Ed.2d at 13. Thus, the discretionary judgment of the trial court should be given substantial deference, for that court is most likely to be familiar with the case and with any justifiable reasons for delay. *Id.* at 9–10, 100 S.Ct. at 1465–1466, 64 L.Ed.2d at 12–13. Since the trial court's decision under Rule 54(b) may require intimate familiarity with the facts underlying all the claims involved in the case, and since its decision will be given substantial deference upon review, it follows that the State's fundamental interest in efficient judicial administration may be jeopardized if a justice other than the one who heard the action decides whether to grant a motion for a final judgment pursuant to Rule 54(b), *regardless* of whether or not the parties consent to such a procedure.

The entry is:

Appeal dismissed.

Remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

2. We have noted that federal authority interpreting F.R.Civ.P. 54(b) provides valuable guidance to the interpretation of M.R.Civ.P. 54(b). *Wormelle v. George,* Me., 325 A.2d 4, 5–6 n.3 (1974).

3. A strong policy against piecemeal appellate review has been manifest in the decisions of the Law Court for many years. *In re Spring Valley Development,* Me., 300 A.2d 736, 754 (1973).