**Wilbur V. COLE et ux.**

**v.**

**PETERSON REALTY, INC., et al.**

Supreme Judicial Court of Maine.

Argued May 12, 1981.

Decided July 15, 1981.

Thompson, Willard & McNaboe, Nicholas Bull (orally), Portland, for plaintiffs.

George F. Burns, Portland, for defendants.

Christopher Nyhan (orally), Thomas R. Kolb, Portland, for Peterson Realty, Inc.

Herbert Crommett, Portland, for Beecher Agency.

Before WERNICK, NICHOLS, ROBERTS and CARTER, JJ.

NICHOLS, Justice.

Confronted here, as we are, with a question as to our jurisdiction to consider the issues raised by the parties before us, we dismiss the appeal for lack of an appealable judgment on the grounds that the judgment of the Superior Court (Cumberland County), although denominated "final" pursuant to M.R.Civ.P. 54(b), was improvidently certified.[1]

Seeking a place of residence in the greater Portland area, the Plaintiffs, Wilbur V. Cole and Jacqueline Y. Cole, on May 29, 1979, executed a written offer for the purchase of certain Scarborough real estate owned at that time by John Adams and Katherine Adams. This offer, together with a $5,000 earnest money deposit, was delivered by an agent for the Defendant, The Beecher Agency, to an agent for the Defendant, Peterson Realty, Inc., who in turn conveyed its terms to the owners of the real estate. The deposit was placed in a customer escrow account maintained by Peterson Realty, Inc. The offer was accepted, and the purchase and sale agreement was signed, only by John Adams.

Shortly after such signing of the agreement, Plaintiffs' counsel on June 15, 1979, hand-delivered a demand letter to Defend-

1. The express determination that there is no just reason for delay and the express direction for entry of judgment are often referred to collectively as "certification." Annot., 32 A.L.R.Fed. 772, 772–73 n.1 (1977).

ant, Peterson Realty, Inc., and mailed a copy to Defendant, The Beecher Agency, requesting return of the $5,000 deposit on grounds that there existed no binding contract because one of the owners of record, Katherine Adams, had failed to accept the offer by signing the agreement along with her husband.[2] Neither Defendant responded to this letter.

On July 2, 1979, three days after the last possible date for performance by the Plaintiffs, Mr. and Mrs. Adams sold the subject premises to another buyer. On July 5, 1979, Defendant Peterson Realty, Inc., distributed the Plaintiffs' $5,000 deposit by delivering $1,250 to Defendant, The Beecher Agency and $3,750 to Mr. and Mrs. Adams.

Aware of neither the above sale nor the status of their deposit, Plaintiffs' counsel sent still a third letter requesting return of their deposit. Again, there was no reply.

On August 24, 1979, the Plaintiffs filed a two count complaint in Superior Court. Count I sought as damages the return of the $5,000 deposit on grounds that the Plaintiffs were not legally bound to performance under the purchase and sale agreement in that their offer was not validly accepted by the sellers. Count II incorporated all the allegations of the first count and then alleged that the Defendants intentionally or recklessly failed to comply with statutory and regulatory provisions governing licensed real estate brokers with respect to disputes concerning earnest money deposits. For this alleged violation the Plaintiffs sought $10,000 in punitive damages.

Three months went by before on November 27, 1979, Defendant Peterson Realty, Inc., informed the Plaintiffs of the previous disposition of their deposit. Almost eight months went by before on April 18, 1980, Defendant, The Beecher Agency, informed the Plaintiffs by answer to interrogatories that it had received $1,250 of the total deposit.

The Defendants thereafter moved for partial summary judgment on Count II of the complaint, asserting that punitive damages must be based on underlying tortious conduct and cannot be recovered for breach of a contractual obligation.

At the threshold, we note that the Defendants used a motion for partial summary judgment in seeking "dismissal" of Count II of the complaint. Given the grounds asserted in support of their motion, the appropriate pleading was a motion to dismiss for failure to state a claim upon which relief could be granted. M.R.Civ.P. 12(b)(6). In view of our ultimate disposition of this appeal, however, such error was harmless.

On October 9, 1980, the Superior Court granted the Defendants' motion and pursuant to M.R.Civ.P. 54(b)[3] ordered final judgment entered on their behalf on Count II of the complaint.[4] It is from this judgment

2. Whether this document, as signed, constituted a legally binding contract is not the subject of this appeal.

3. M.R.Civ.P. 54(b) provides:
(b) Judgment upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

4. The court's order, in its entirety, consisted of the following:
This matter came for hearing on October 3, 1980, upon motion by defendants, Peterson Realty, Inc. and The Beecher Agency for partial summary judgment on Count II of plaintiffs' complaint.
It is hereby ORDERED that the clerk enter final judgment on behalf of defendants, Peterson Realty, Inc. and The Beecher Agency on Count II of plaintiffs' complaint in accordance with the provisions of Rule 54(b) of the Maine Rules of Civil Procedure, there being no just reason for delay.

entered on Count II that the Plaintiffs have appealed.

■ The parties assume that no question as to appealability of a partial judgment exists once the Superior Court determines there is "no just reason for delay" and expressly directs an entry of "final" judgment with respect to one or more but fewer than all of the claims presented in an action. Where, however, as in the case *sub judice*, a question as to jurisdiction exists, we must consider the finality of this judgment on our own motion. *Durgin v. Robertson*, Me., 428 A.2d 65, 67 (1981).

■ The propriety of an entry of final judgment pursuant to M.R.Civ.P. 54(b) as to one or more, but fewer than all, of the claims turns upon the existence of "multiple claims" in the given action. In other words, application of the rule is not available where a single claim is merely pressed on multiple grounds. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956); *see generally* Annot., 38 A.L.R.2d 377 (1954).

The question whether a single claim or multiple claims for relief exist, however, is often difficult to resolve. Professors Wright and Miller have succinctly stated the problem:[5]

By its own terms, Rule 54(b) applies only when there are either multiple claims for relief, 'whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved.' Unfortunately, it is not always easy to tell whether a case involves multiple claims (to which Rule 54(b) is applicable) or a single claim supported by multiple grounds (to which Rule 54(b) is not applicable). The question of what constitutes multiple claims becomes crucial when the court purports to direct the entry of a judgment under Rule 54(b) on one or more but fewer than all the claims in an action. The line between deciding one of several claims and deciding only part of a single claim is sometimes very

obscure. Difficulties even occur in a case that clearly involves multiple claims because the rule requires that the entirety of at least one of those claims be decided with finality. C. Wright & A. Miller, 10 *Federal Practice and Procedure* § 2657 (1973) (footnotes omitted).

This conflict has also been summarized, in a fashion particularly relevant here, in 6 *Moore's Federal Practice* ¶ 54.33[2], at 503–04 (2d ed. 1976):

The troublesome problem of single or multiple claims may also arise where, for example, the ... court makes an adjudication, accompanied by a certificate, of one or more but fewer than all of plaintiff's counts, which, from one point of view constitute separate grounds supporting one claim for relief, but from another point of view constitute separate claims;
. . . .

■ In sum, the issue before us is whether the Superior Court's grant of partial summary judgment was final and, therefore, appealable, or whether it constituted partial adjudication of a single claim.

Notwithstanding the assertion of more than one theory for recovery, we conclude that the court's order constituted partial adjudication of a single claim and is, therefore, not appealable.

■ Where, as in the instant case, only one legal right is asserted, it is a single claim for relief even though multiple remedies for the alleged violation of that right are sought. *See Bacon v. Penney*, Me., 418 A.2d 1136, 1139 (1980), *quoting, Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 743 n.4, 96 S.Ct. 1202, 1206 n.4, 47 L.Ed.2d 435 (1976). Where the legal right sought has arisen out of a single transaction or series of transactions, the complaint presents a single claim for relief. *Acha v. Beame*, 570 F.2d 57, 62 (2nd Cir. 1978); *RePass v. Vreeland*, 357 F.2d 801, 805 (3rd Cir. 1966). *See also Restatement (Second)*

---

5. We have recently recognized the value of considering the authorities construing Fed.R. Civ.P. 54(b) in interpreting our own M.R.Civ.P. 54(b). *Durgin v. Robertson*, Me., 428 A.2d 65, 68 n.2 (1981); *Bacon v. Penney*, Me., 418 A.2d 1136, 1139 (1980).

*of Judgments* § 61 (Tent. Draft No. 1, 1973).[6]

When analyzed in this light, it becomes apparent that the Plaintiffs' complaint states but a single claim for relief. At the core of both the first and second counts of their complaint is the Defendants' alleged breach of duty to properly maintain and dispose of the Plaintiffs' escrow money deposit. The Plaintiffs have incorporated all the allegations of Count I into Count II of their complaint. Both counts are so inextricably linked to each other as to constitute but a single claim for relief. *See Aetna Casualty & Surety Co. v. Giesow*, 412 F.2d 468, 470 (2nd Cir. 1969). Furthermore, where, as in the case at bar, the same operative facts give rise to both counts, thereby constituting but a single claim, a demand for punitive damages is not severable as a separate claim for purposes of triggering the "multiple claim" requirement of Rule 54(b). *Cf. Cinerama, Inc. v. Sweet Music, S. A.*, 482 F.2d 66, 69 (2nd Cir. 1973).

A partial summary judgment, not being a judgment on the whole case, is customarily interlocutory in nature and non-appealable. *Bacon v. Penney, supra*, 418 A.2d at 1139 n.2; *Agway, Inc. v. Luce*,

Me., 326 A.2d 832, 832 (1974), *citing Albatross Shipping Corp. v. Stewart*, 326 F.2d 208, 210–11 (5th Cir. 1964).[7] The possibility always exists that our review of a claim such as that presented by this appeal could be mooted by subsequent developments in Superior Court. To permit the appeal would make the Law Court a type of "advisory board" and undermine the efficiency of our judicial process. *See Hand v. Nickerson*, 148 Me. 465, 467, 95 A.2d 813, 815 (1953).

Although the case before us does not involve multiple claims permitting the application of M.R.Civ.P. 54(b), we should also advert to that provision of the same rule which requires the Superior Court to make "an express determination that there is no just reason for delay."

Here, the presiding justice ordered that final judgment be entered in favor of the Defendants on Count II of the Plaintiffs' complaint and summarily determined that "no just reason for delay" existed. Given the considered discretion which must be used in the employment of a Rule 54(b) order,[8] the Superior Court should have more fully articulated the reasoning by which it reached its conclusion.[9] The requirements

**6.** This rule was elaborated upon in *Edney v. Fidelity & Guaranty Life Insurance Co.*, 348 F.2d 136 (8th Cir. 1965), where the plaintiff initiated a three count complaint to recover proceeds of a life insurance policy. The complaint raised legal theories of estoppel, breach of contract and tortious conduct. On appeal from the District Court's dismissal of the two counts alleging breach of contract and tortious conduct the United States Court of Appeals for the Eighth Circuit held that the three counts, though involving different legal theories, constituted a single claim in that the "facts on which the theories were predicated all constituted part of the general bundle or aggregate of aspects" of the "one transaction" arising from the case. *Id.* at 138. Similarly, where three causes of action in a complaint constituted three different theories of recovery all arising from the same facts, the United States Court of Appeals for the Second Circuit held that an order dismissing two of the theories was not a final judgment and dismissed the appeal as premature. *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339 (2nd Cir. 1963), *cert. denied*, 375 U.S. 879, 84 S.Ct. 146, 11 L.Ed.2d 110 (1963). *Accord, Schexnaydre v.*

*Travelers Insurance Co.*, 527 F.2d 855 (5th Cir. 1976); *Ochs v. Northwestern National Life Insurance Co.*, S.D., 254 N.W.2d 163 (1977).

**7.** *See also Acha v. Beame, supra; Backus Plywood Corp. v. Commercial Decal, Inc., supra. See generally* 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2657, at 54 (1973); 2 R. Field, V. McKusick and L. Wroth, *Maine Civil Practice* § 56.8 (2nd ed. 1970). In Maine, this rule follows from our paramount concern that there not be piecemeal appellate review. *E. g., Durgin v. Robertson*, Me., 428 A.2d 65, 68 (1981); *Merrill v. Washburn*, 83 Me. 189, 192, 22 A. 118, 119 (1891). *Accord, Mendez v. West Flagler Family Association, Inc.*, 303 So.2d 1 (Fla.1974). *See generally Maine Civil Practice, supra* at § 54.1; Note, *Appealability in the Federal Courts*, 73 Harv.L.Rev. 351 (1961).

**8.** *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

**9.** *See Canal National Bank v. Becker et al.*, Me., 431 A.2d 71, 72 n.2 (1981).

imposed by Rule 54(b)[10] are more than a mere formality. The determination that there exists no just reason for delay should not be recited simply as a matter of rote. *See Arlinghaus v. Ritenour*, 543 F.2d 461, 463 (2nd Cir. 1976); *Panichella v. Pennsylvania Railroad Co.*, 252 F.2d 452, 455 (3rd Cir. 1958). *See generally* 6 *Moore's Federal Practice* ¶ 54.41[3], at 743–44 (2d ed. 1976).

In *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3rd Cir. 1975), the United States Court of Appeals for the Third Circuit was confronted with an appeal from a district court's grant of summary judgment in favor of the manufacturer pursuant to a Rule 54(b) finding that no just cause existed for delaying entry of judgment. In dismissing the appeal for failure of the district court to articulate the reasons for its certification, the Court of Appeals stated:

> A proper exercise of discretion under Rule 54(b) requires the district court to do more than just recite the 54(b) formula of 'no just reason for delay'. The court should clearly articulate the reasons and factors underlying its decision to grant 54(b) certification. '... It is essential ... that a reviewing court have some basis for distinguishing between well-reasoned conclusions arrived at after a comprehensive consideration of all relevant factors, and mere boilerplate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law ...' 521 F.2d at 364 (footnote omitted), *quoting, Protective Committee v. Anderson*, 390 U.S. 414, 434, 88 S.Ct. 1157, 1168, 20 L.Ed.2d 1 (1968).

The appellate court indicated that by requiring the trial court to include a brief reasoned statement in support of its Rule 54(b) certification, the litigants would be apprised of the basis for the order and the appellate court would be provided with a better basis for review.[11]

We share the view expressed in the Third Circuit. Henceforth, we shall look to our trial courts to include a brief reasoned statement supporting each decision to enter a Rule 54(b) certification. While neither expanding nor contracting the scope of appellate review, this requirement will make our review of Rule 54(b) certification more meaningful.

Adhering to our historic policy against piecemeal review, we dismiss the appeal in the case before us for lack of an appealable judgment.

The entry is:

Appeal dismissed.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

10. M.R.Civ.P. 54(b) provides in pertinent part that "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

11. *Accord, Gumer v. Shearson, Hammill & Co., Inc.*, 516 F.2d 283 (2nd Cir. 1974); *Complaint of Lidoriki Maritime Corp.*, 410 F.Supp. 919 (D.C.Pa.1976); *Ochs v. Northwestern National Life Insurance Co.*, S.D., 254 N.W.2d 163 (1977). *See also* Comment, *Entry of Final Judgment Under Rule 54(b) of the Federal Rules of Civil Procedure: The Third Circuit Imposes a Requirement of a Statement of Reasons*, 56 B.U.L.Rev. 579 (1976); Note, 54 N.C.L. Rev. 1265 (1976).