Pamela L. NOBLE

v.

FOREMOST INSURANCE COMPANY.*

Supreme Judicial Court of Maine.

Argued Nov. 5, 1981.

Decided Dec. 29, 1981.

Brooks & Dumas, Arthur H. Dumas (orally), North Berwick, for plaintiff.

Preti, Flaherty & Beliveau, Jeffrey T. Edwards, Portland, for Davis Realtors.

Hewes, Culley, Feehan & Beals, Martica Sawin, (orally), Portland, for Foremost Ins. Co.

Roger P. Flaherty, Kevin S. Flaherty, Sanford, for Jellerson.

Before McKUSICK, C. J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

GODFREY, Justice:

The plaintiff, Pamela L. Noble, brought an action in three counts against (1) Terrence Jellerson, (2) his motor vehicle liability insurance carrier, Foremost Insurance Company, and (3) Davis Realtors/Insurers, an insurance agency. She appeals from a summary judgment by the Superior Court, York County, dismissing her action against the defendant Foremost Insurance Company.[1] Plaintiff's action against Jellerson and a counterclaim by him are still unadjudicated.

Pamela Noble was a passenger on Terrence Jellerson's motorcycle when an accident occurred in which both she and Jellerson were injured. No other vehicles were involved. Jellerson had a motorcycle policy from Foremost Insurance Company, similar in most respects to the standard automobile liability policy, providing basic liability coverage. Attached to the policy was a "motorcycle endorsement," containing a provision, applicable in terms to the liability coverage, that excluded "bodily injury ... to any passenger while in or upon" the motorcycle unless such liability coverage was "afforded by the policy."[2] No additional endorsement covered liability to passengers, and no portion of the premium was designated as attributable to such coverage. The policy included an item for medical expenses of passengers in the amount of

---

* Pursuant to the agreement of counsel for the parties at oral argument, the title of this action has been changed to reflect the true parties to this appeal. M.R.Civ.P. 74(e).

1. Noble's action against Davis Realtors/Insurers was dismissed under M.R.Civ.P. 12(b)(6). Plaintiff has not appealed from that judgment of dismissal.

2. This provision, applicable in terms only to the liability coverage of the policy, states:

This insurance does not apply ... to bodily injury ... to any passenger while in or upon or on entering into or alighting from the motorcycle ... (1) except to a passenger in a "side-car" attached to the motorcycle, or (2) unless Guest Passenger Liability coverage is afforded by the policy.

$500, to which the sum of twelve dollars of the total fifty-six dollars of premium was designated as attributable.

Jellerson's policy with Foremost also contained the standard provision for uninsured-vehicle coverage:

[t]he company will pay all sums which the insured ... shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of ownership, maintenance or use of such uninsured highway vehicle .... [3]

For application to the uninsured-vehicle coverage, the policy defined "person insured" to include, among others, the named insured and "any other person while occupying an insured highway vehicle," and it defined "insured highway vehicle" to include, among other things, a highway vehicle "described in the schedule as an insured highway vehicle to which the bodily injury liability coverage of the policy applies." The definition of "uninsured highway vehicle" specifically excluded "an insured highway vehicle." Foremost paid Pamela Noble $500 for medical expenses but denied all other liability to her.

Noble brought an action in three counts against Jellerson, Foremost Insurance Company, and an insurance agency called "Davis Realtors/Insurers" (hereinafter referred to as "Davis"). In Count I, she sought $200,000 in damages against Jellerson on the ground that his negligence caused the accident and her resulting injuries; in Count II, she sought a judgment against Foremost declaring that it "is obligated under the policy of insurance ... to pay to the plaintiff all the sums she shall be legally entitled to recover against ... Jellerson"; in Count III, she sought judgment against Davis declaring that because of its negligence in advising Jellerson as to adequate coverage for his guest passengers it was obligated to pay her all sums she was entitled to recover against Jellerson. Jellerson's answer to the complaint included a counterclaim alleging that plaintiff's intoxication was the cause of the accident. Jellerson's answer did not include any cross-claim against Foremost or Davis.

Noble's complaint for a declaratory judgment against Foremost is capable of being read as alleging that Jellerson's motorcycle was uninsured as to her (she being a guest passenger) with respect to the accident that occurred, so that she is entitled to recover under Jellerson's uninsured-vehicle coverage if she can prove that Jellerson's fault was the proximate cause of her injuries.

Foremost first moved under M.R.Civ.P. 12(b)(6) for dismissal of the complaint against it, relying on *Allen v. Pomroy*, Me., 277 A.2d 727 (1971), in which this Court held that a plaintiff may not maintain an action for damages for personal injuries directly against an automobile liability insurer and may not join the liability insurer as party defendant in an action against the insured. No decision was ever rendered on Foremost's motion to dismiss, which appears not to have been pressed when, several months later, Foremost moved for summary judgment under M.R.Civ.P. 56. The motion for summary judgment was accompanied by an affidavit of a rate analyst of the Bureau of Insurance to the effect that Jellerson's policy did not cover liability to a guest passenger.

At about the same time, Davis Realtors/Insurers moved under M.R.Civ.P. 12(b)(6) for dismissal of Noble's complaint against it, and Jellerson moved to amend his answer to add crossclaims against Fore-

---

**3.** See 24–A M.R.S.A. § 2902 (1974 & Supp. 1981–82), providing, in pertinent part, as follows:

1. No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured, underinsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle ....

most and Davis seeking indemnification on the ground that they had advised him negligently with respect to his obtaining liability coverage for injuries to passengers riding on his motorcycle.

After hearing all parties on the several motions, the Superior Court, York County, issued the following order:

> After hearing, and for the reasons stated in the record, the Court ORDERS:
>
> 1. Defendant Foremost Insurance Company's motion for summary judgment granted. Foremost Insurance Company is dismissed as a party defendant.
>
> 2. Defendant Davis Realtors/Insurers' motion to dismiss granted. Davis Realtors/Insurers is dismissed as a party defendant.
>
> 3. Defendant ... Jellerson's motion to amend answer and counterclaim is withdrawn.

"The reasons stated in the record," referred to by the presiding justice, appear in the transcript of the hearing on the motions, where, at the end, the justice states:

> I don't think there's a basis in this case for determining, as to defendant Foremost, that Pamela Noble qualifies for coverage on these facts which have been alleged under the uninsured motorist provision of the ... Jellerson policy. And I also don't believe that there's a basis for Pamela Noble to assert liability ... against Davis Realtors' insurance. And, therefore, I'm going to enter an order which would indicate for the reasons I have stated on the record that both Foremost and Davis Realtors will be dismissed as parties defendant in that matter.

On motion of the plaintiff, the presiding justice, finding that there was "no just reason for delay for entry of final judgment dismissing [Foremost] from this action," ordered that the clerk enter judgment as follows: "Judgment for defendant, Foremost Insurance Company that this action, as against them, shall be dismissed." He then made a similar order with respect to Davis. The court did not provide, in support of its determination, the brief reasoned statement that is now required under Rule 54(b) as the

basis for directing "the entry of a final judgment as to one or more but fewer than all of the claims or parties." *Cole v. Peterson Realty, Inc.*, Me., 432 A.2d 752, 757 (1981). *See Canal National Bank v. Becker*, Me., 431 A.2d 71, 72 n.2 (1981).

Because entry of final judgment was directed in this case several months before the ruling in *Cole* was announced, and because the meaning and basis of the judgment are clear from the record, the absence of the "brief reasoned statement" would not alone prevent our reviewing the Superior Court's judgment. *See Clockedile v. State of Maine Dep't of Transportation*, 437 A.2d 187 n.2 (Me. 1981).

In the circumstances, however, the presiding justice should not have directed entry of a final judgment under Rule 54(b). His adjudication on the merits of Noble's claim to coverage under Jellerson's policy is not binding on Jellerson. A possible future claim by Jellerson against Foremost that he is entitled to defense under the liability provisions of the policy would not be foreclosed as res judicata by the Superior Court's judgment in the present case even if affirmed. Jellerson has claims against Foremost and Davis, which he sought to present by moving to amend his answer to add crossclaims against them, apparently on the theory that they were negligent in advising him about his passenger liability coverage. If and when those claims are adjudicated by the Superior Court, the losing party or parties will no doubt want *those* adjudications reviewed by this Court after a Rule 54(b) determination of "finality." After all these motions and appeals, the main action by Noble against Jellerson will still be undisposed of.

It may be convenient for the parties to know in advance of trial of the main tort suit whether and to what extent they can look to Jellerson's insurance policy for relief from their various financial burdens, but considerations of efficiency in the appellate process dictate that such a piecemeal approach to appellate review not be countenanced. The Superior Court's order directing entry of final judgment under Rule 54(b) was improvident in the circumstances.

The entry is:
Appeal dismissed.

All concurring.