**William D. TIEDEMANN**

v.

**TOWN OF LIMINGTON, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 16, 1986.
Decided Nov. 4, 1986.

Murray, Plumb & Murray, John C. Bannon (orally), Portland, for plaintiff.

Bernstein, Shur, Sawyer & Nelson, Catherine O'Connor (orally), F. Paul Frinsko, Portland, Elmer E. Runyon, Sanford, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The plaintiff, William E. Tiedemann, appeals from a judgment entered by the Superior Court (York County) in favor of the defendants, Town of Limington (Town) and Limington Planning Board (Board) affirming a decision of the Board rejecting the plaintiff's application for approval of a preliminary plan to subdivide real estate in the Town. We dismiss the appeal for lack of an appealable judgment.

## I.

The plaintiff's complaint before the Superior Court consists of three counts. Counts I and II are brought pursuant to Rule 80B of the Maine Rules of Civil Procedure. Count I alleges that the Board's rejection of his preliminary plan was "arbitrary, capricious, unreasonable, and unlawful action." In that count, the plaintiff asks the Superior Court to reverse the decision of the Board and grant approval of his preliminary plan. In Count II, the plaintiff asks the Superior Court to void the Board's decision and grant approval of his plan on the ground that the Board's action violated the Freedom of Access Law, 1 M.R.S.A. §§ 401–410 (1979 & Supp.1985). The plaintiff contends that an executive meeting of the Board, in which its members deliberated upon his subdivision proposal, violated his rights under section 405 of that statute to have his application evaluated in an open session. Finally, in Count III, the plaintiff asserts a claim pursuant to section 1983 of Title 42 of the United States Code (section 1983). In that count, the plaintiff claims that procedures followed by the Board violated his rights to due process and equal protection. In Count III he requests the same relief as in the first two counts, but includes a claim for damages. Counts I and II were heard together by the Superior Court in the context of a review pursuant to Rule 80B. The court ordered Count III separated for trial. After hearing, the court entered judgment for the defendants on Counts I and II. The plaintiff appealed to this Court from that judgment. We subsequently ordered the case remanded to the Superior Court for an entry of final judgment pursuant to Rule 54(b) of the Maine Rules of Civil Procedure.[1] On plaintiff's motion, the Superior Court entered final judgment pursuant to Rule 54(b). The plaintiff then refiled his notice of appeal from the entry of judgment on Counts I and II.

## II.

The parties erroneously assume the appealability of a partial judgment once the Superior Court has issued a "Rule 54(b) certification." We consider, on our own

1. Rule 54(b) provides, in pertinent part, as follows:

   **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.**
   ... [W]hen more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated ... which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

motion, the propriety of the court's certification to determine the appealability of this judgment. *See Cole v. Peterson Realty, Inc.*, 432 A.2d 752, 755 (Me.1981).

The Superior Court stated its reasons for entering final judgment on Counts I and II of the plaintiff's complaint as follows:

> Because the questions of law raised with regard to Counts I and II of Plaintiff's complaint will likely govern the proceedings on the remaining count of Plaintiff's complaint, and because, absent the entry of final judgment on Counts I and II, the parties will be unable to obtain a resolution of those legal questions by the Law Court; therefore, the Court finds that there is no just reason for delay in the entry of final judgment on Counts I and II of Plaintiff's complaint.

■ The Superior Court's recitation that there is "no just reason for delay" in the language of Rule 54(b) is not necessarily sufficient for the proper certification of an appealable final judgment. *See Bacon v. Penney*, 418 A.2d 1136, 1139 (Me.1980).

■ In *Cole v. Peterson Realty, Inc.*, 432 A.2d at 755, we stated:

> The propriety of an entry of final judgment pursuant to M.R.Civ.P. 54(b) as to one or more, but fewer than all, of the claims turns upon the existence of "multiple claims" in the given action. In other words, application of the rule is not available where a single claim is merely pressed on multiple grounds.

A complaint asserting only one legal right, although seeking multiple remedies for the alleged violation of that right, may state only a single claim for relief. *Id. See Bacon v. Penney*, 418 A.2d at 1139 (quoting *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 743 n. 4, 96 S.Ct. 1202, 1206 n. 4, 47 L.Ed.2d 435 (1976)). In the case before us, the entry of judgment for the defendants, although denominated "final" was, in fact, a partial adjudication of a single claim and was thus improperly certified.

In his complaint, the plaintiff recites, by reference, the allegations contained in forty-two paragraphs of Count I as the bases for the relief he seeks in Counts II and III. These paragraphs set forth alleged procedures followed by the Board that led to the rejection of his preliminary plan for subdividing his property. The gravamen of the plaintiff's claim for relief in each count is that he suffered a violation of his rights to due process as a result of the procedures followed by the Board. Count III of the plaintiff's complaint, which was severed from the first two counts and is now pending for trial, similarly claims that the "Defendants have denied Plaintiff his fundamental rights to due process ... as guaranteed by the United State[s] and Maine Constitutions."

The Superior Court entered final judgment on Counts I and II expecting our review of that judgment to influence the direction and outcome of the trial on the third count. The subject of the pending trial, however, is the alleged procedural due process violations that are at the heart of each count of the complaint. We conclude, therefore, that the three counts of the plaintiff's complaint rest on a single legal theory and are so inextricably linked that they constitute a single claim for relief. Since the legal right asserted in each count of the complaint arose out of the same series of transactions leading to the Board's rejection of the plaintiff's preliminary subdivision plan, the complaint presents a single claim for relief. *See Cole v. Peterson Realty, Inc.*, 432 A.2d at 755–56. As we have previously stated in a similar context, "[t]o permit the appeal would make the Law Court a type of 'advisory board' and undermine the efficiency of our judicial process." *See id.* at 756. In these circumstances, because there is just reason for delay, the direction under Rule 54(b) for entry of judgment was an improper certification requiring dismissal of this appeal for lack of an appealable judgment.

The entry is:

Order certifying final judgment on Counts I and II vacated. Appeal dismissed.