**Sandra L. MALTAIS**

v.

**Tina CHILDERS, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 30, 1990.

Decided March 14, 1990.

Robert C. Perkins, Camden, for plaintiff.

Greg N. Dorr, Rockland, for defendants.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

■ Plaintiff, Sandra L. Maltais, appeals the Superior Court's (Knox County, *Silsby, J.*) granting of partial summary judgment in favor of the defendants, Tina Childers, *et al.*, and against plaintiff on her request for injunctive relief. Plaintiff contends that the Superior Court erred in finding injunctive relief to be as a matter of law unavailable to plaintiff. Plaintiff's appeal was improvidently certified pursuant to M.R. Civ.P. 54(b). Although plaintiff seeks two separate remedies, she alleges only one cause of action. However, Rule 54(b) may be used to finalize a judgment only "when *more than one claim* for relief is presented" (emphasis supplied). Therefore, judgment on plaintiff's request for injunctive relief is not final.

For purposes of this appeal, defendants accept plaintiff's version of the facts. Plaintiff maintains that during negotiations to purchase a house and lot from defendant, she specifically inquired whether she would receive all of the defendants' property. Both defendants and their real estate broker told plaintiff that one side of the property abutted a church lot but that there was another lot owned by defendants on the other side. As a result, plaintiff purchased this lot also. After purchasing the property, plaintiff discovered that defendants owned a lot between the church and plaintiff's property and had obtained a building permit for that lot.

Plaintiff brought a two-count action against defendants. The first count prayed for a permanent injunction prohibiting defendant from building upon the abutting lot on the ground of fraudulent misrepresentation, and the second count requested damages for the fraudulent misrepresentation. The Superior Court granted defendants' motion for summary judgment on the first count, dismissing the claim for injunctive relief. The Superior Court also issued final judgment on this

count pursuant to M.R.Civ.P. 54(b) and stayed all proceedings on count two pending final resolution of this appeal.

■ Rule 54(b) authorizes the court to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

M.R.Civ.P. 54(b). "To be certifiable as a final judgment under the terms of Rule 54(b), the order must dispose of a single substantive claim." *Bacon v. Penney*, 418 A.2d 1136, 1139 (Me.1980). "Where ... only one legal right is asserted, it is a single claim for relief even though multiple remedies for the alleged violation of that right are sought." *Cole v. Peterson Realty, Inc.*, 432 A.2d 752, 755 (Me.1981) (claim for rescission and claim for punitive damages both arising from same alleged breach of duty and same operative facts constitute a single claim for relief). In order to establish separate claims, each must be generated by wholly separate and distinct transactions. *Bacon*, 418 A.2d at 1139. Furthermore, when the same operative facts give rise to both counts and thereby constitute a single claim, "a demand for punitive damages is not severable for purposes of triggering the 'multiple claim' requirement of Rule 54(b)." *Cole*, 432 A.2d at 756.

In the case at bar, plaintiff filed a two-count complaint, one requesting injunctive relief and one requesting damages. However, both counts derive from the same claim of fraudulent misrepresentation arising out of a single transaction. Accordingly, this is not a proper application of Rule 54(b) and, therefore, the judgment as a partial summary judgment is only interlocutory and cannot be appealed. *Cole*, 432 A.2d at 757.

The entry is:

Remanded for further proceedings consistent with the opinion herein.

All concurring.