**DEPOSITORS TRUST COMPANY**

v.

**Jeffrey A. JOHNSON and Millicent A. Johnson and Hyde School and Charles E. Burden and William G. Wilkoff.**

Supreme Judicial Court of Maine.

Argued Nov. 15, 1982.

Decided Jan. 4, 1983.

Locke, Campbell & Chapman, Nicholas M. Lanzilotta (orally), Augusta, for plaintiff.

Roger S. Golin (orally), Paul A. Weeks, Bath, for Burden & Wilkoff.

Perkins, Thompson, Hinckley & Keddy, Thomas Wheatley (orally), Andrew Cadot, Portland, for Hyde School.

Roger Asch, Bath, for Johnsons.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

ROBERTS, Justice.

Charles E. Burden and William G. Wilkoff, as leases of mortgaged premises, appeal from a summary judgment of foreclosure in favor of Depositors Trust Company and Hyde School entered in the Superior Court, Sagadahoc County. We need only

decide the narrow issue of whether the Superior Court erred in its summary determination that appellants' lease was subordinate to Depositors' first mortgage and Hyde School's second mortgage. We affirm the judgment.

In March of 1981, Jeffrey A. Johnson and Millicent A. Johnson purchased property in Bath from Hyde School. To finance their purchase the Johnsons gave a first mortgage to Depositors and a second mortgage to the school. Thereafter Burden and Wilkoff entered into a lease agreement with the Johnsons for a portion of the premises. As a result of the Johnsons' default in payments, Depositors instituted foreclosure proceedings. Hyde School also sought foreclosure through a cross-claim. Burden and Wilkoff, who were also joined in the foreclosure action as parties in interest pursuant to 14 M.R.S.A. § 6321 (Supp.1982–1983), filed a counterclaim against Depositors asserting that their lease had priority over Depositors' mortgage and seeking reimbursement for improvements. Burden and Wilkoff also filed a cross-claim against the Johnsons for breach of the lease agreement and for reimbursement for improvements.

Both Depositors' and Hyde School's motions for summary judgment were supported by affidavits and exhibits. Burden and Wilkoff did not file any opposing affidavits, nor do they now question the sufficiency of either the Depositors or the Hyde School affidavits. Instead, they claim that the mortgages are subordinate to their lease as a matter of law, or in the alternative, that, with respect to the parties' intent, there remains a genuine issue of fact which is material to the issue of subordination. The Burden and Wilkoff argument is based upon language contained in Depositors' mortgage and in a contemporaneous agreement relating to the assignment of future leases.

■ A careful review of the documents in evidence reveals that appellants have misconstrued the assignment provisions appearing in and connected with various written agreements between the parties. None of these provisions, either on their face or

as a matter of law, disturbs the priority scheme between the parties as determined by the Superior Court. Neither do these provisions suggest an intent to alter that priority scheme through an assignment of leases. Finally, we reject appellants' contention that the Superior Court abused its discretion in granting final judgment on less than all claims, *see Durgin v. Robertson,* 428 A.2d 65 (Me.1981); M.R.Civ.P. 54(b), and in refusing to grant appellants' motion for reconsideration. *See* 2 Field, McKusick, & Wroth, *Maine Civil Practice* §§ 59–60 (2d ed. 1970 and Supp.1981).

Accordingly, the entry is:

Judgment affirmed.

All concurring.