Dennis SNYDER

v.

Christine TALBOT[1].

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 28, 1991.
Decided on Reconsideration
April 22, 1991.

Thomas F. Hallett, Portland, for plaintiff.

Claudia C. Sharon, Portland, for defendant.

**1.** The caption of this case has been amended to

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

COLLINS, Justice.

Dennis Snyder appeals from a judgment in the Superior Court (Cumberland County, *Rogers, J.*) granting him a divorce from Christine Snyder. We initially dismissed his appeal for lack of a final judgment. Both parties filed motions for reconsideration. Upon reconsideration, we vacate the judgment and remand for a new hearing before a different judge.

After the entry of judgment, which granted Dennis and Christine shared parental rights and responsibilities as to their minor son Zachary, Dennis filed a timely motion to alter or amend the judgment pursuant to M.R.Civ.P. 59(e), or for relief from judgment pursuant to M.R.Civ.P. 60(b). He subsequently moved to reopen the record to incorporate an affidavit from his attorney that alleges the trial judge, in a chambers conference, stated:

> All things being equal I give the child to the mother, she's the one that gave birth to the kid you know. But, if the wife is really not doing the job, I give the child to the father.

The Superior Court (*Browne, A.R.J.*) granted the motion to reopen. The motion to alter or amend or for relief from judgment was scheduled for hearing before the trial judge. Shortly before the hearing date, Dennis filed his notice of appeal. The motion to alter or amend or for relief from judgment was never heard.

▉ We initially dismissed the appeal for lack of an appealable final judgment because Dennis's motion was still pending. *See Durgin v. Robertson,* 428 A.2d 65, 65 (Me.1981). Both parties filed motions for reconsideration. Upon reconsideration, we treat the motion to alter or amend or for relief from judgment as having been withdrawn by consent. *See id.* at 67.

▉ The comments, if made, were inap-

reflect Christine Snyder's re-marriage.

propriate and contrary to law.[2] We are therefore unable to conclude on the record before us that "an error or defect in the proceeding" did not "affect the substantial rights of the parties." *See* M.R.Civ.P. 61. On remand, a different judge must determine what award of parental rights and responsibilities will further Zachary's best interests. *See* 19 M.R.S.A. §§ 752(5), 752(6) (Supp.1990).

The entry is:

Judgment vacated.

Remanded for further proceedings in accordance with the opinion herein.

All concurring.

---

**2.** "The court may not apply a preference for one parent over the other in determining parental rights and responsibilities because of the parent's sex...." 19 M.R.S.A. § 752(7) (Supp. 1990).